## THE STATE OF INDIANA *v.* SMITH.

[No. 21,492.   Filed January 26, 1910.]

CRIMINAL LAW.—*Suspending Sentence.—Order for.*—Under §2174 Burns 1908, Acts 1907, p. 447, §1, circuit and criminal courts have the power, as a part of the judgment in a criminal case, to order a suspension of the sentence and a parole of the prisoner, but a judgment imposing a fine and imprisonment, on February 19, 1907, could not be suspended upon a petition filed February 6, 1908.

From Pike Circuit Court; *Frank Ely,* Special Judge.

Prosecution by The State of Indiana against Ralph Smith. From a judgment releasing the defendant, during good behavior, from the payment of the fine imposed, the State appeals. *Reversed.*

*James Bingham,* Attorney-General, *A. G. Cavins, W. H. Thompson* and *E. M. White,* for the State.

MONKS, J.—On February 11, 1907, appellee entered, in the court below, a plea of guilty to an indictment charging

in one count the keeping of a room to be used and occupied for gaming, and in the other count knowingly suffering and permitting said room to be used for gaming, in violation of §2466 Burns 1908, Acts 1905, p. 584, §557. On February 19, 1907, the court assessed against him a fine of $100, and ordered him imprisoned in the county jail for thirty days, and rendered judgment accordingly "that he stand committed until the fine and costs are paid or replevied." Replevin bail was entered to stay execution for the fine and costs, under the provisions of §2185 Burns 1908, Acts 1905, p. 584, §300. Afterwards, on February 6, 1908, appellee filed his petition in said court to suspend the collection of the fine in said cause, under §2174 Burns 1908, Acts 1907, p. 447, §1. On July 23, 1908, a demurrer by the State to said petition, for want of facts, was overruled by the court, and judgment was rendered that appellee be "paroled and released from further payment of said fine, so long as he shall hereafter behave well, and so long as he shall notify the prosecuting attorney of this court on the first day of each term of his place of residence, post-office address, his occupation, and, if working for anyone, give the name and post-office address of his employer." From this judgment the State appeals.

The act of 1907, *supra,* under which appellee's application to suspend the collection of said fine was made, took effect after the rendition of the judgment on said plea of guilty, and after judgment had been replevied. Section 2174, *supra,* provides that the circuit and criminal courts of this State, in certain criminal cases, "shall have power  *  *  *  upon the entry of judgment of conviction of such person to suspend such sentence and parole such person by an order of such court duly entered of record as a part of the judgment of the court in such case,  *  *  *  whenever such court in the exercise of its judgment and discretion shall find and determine that such person has committed the offense for which he or she has been convicted under such circumstances

as that in the judgment of such court such person should not suffer the penalty imposed by the law for such offense, if he or she shall thereafter behave well, or whenever such court shall find and determine that by reason of character of such person or the facts and circumstances of such case the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well.'' It is evident that said statute does not attempt to authorize such courts ''to suspend sentence'' and ''parole such persons'' after final judgment has been rendered in such case. The order suspending ''sentence'' and ''paroling'' such person must be entered as a part of the judgment of conviction, and if such order is not then made and entered the court has no authority under said statute to make such order afterwards. *State* v. *Robbins* (1890), 124 Ind. 308, 8 L. R. A. 438; *Gray* v. *State* (1886), 107 Ind. 177. As the order suspending the collection of said fine so long as appellee ''behaves well'' was made long after the final judgment of conviction was entered, the same was at least erroneous. It follows that the court below erred in overruling appellant's demurrer to the petition.

As the judgment must be reversed for this reason, it is not necessary for us to determine whether said act authorizes the trial court to suspend the collection of a fine, or whether the same is in violation of article 5, §17, of the state Constitution, which provides that the Governor ''shall have the power to grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law. * * * He shall have power to remit fines and forfeitures under such regulations as may be prescribed by law.''

Judgment reversed, with instructions to sustain the demurrer to appellee's petition, and for further proceedings not inconsistent with this opinion.