# ROBBINS v. STATE OF INDIANA.

[No. 24,452. Filed December 8, 1925. Rehearing denied February 24, 1926.]

1. EVIDENCE.—*Appellate tribunal can take notice of its records in another case, either upon suggestion of counsel or upon its own motion.*—An appellate tribunal can take notice of its own records in another case, either upon suggestion of counsel, or upon its own motion. p. 307.

2. INTOXICATING LIQUORS.—*Affidavit charging maintenance of liquor nuisance held not invalid because it charged more than one act that would constitute the offense and did not allege kind or quantity of intoxicating liquor sold, price received or persons to whom sold.*—An affidavit charging the maintenance of a liquor nuisance was not invalid because it charged more than one act that would constitute the offense, and did not allege the kind or quantity of intoxicating liquor sold, the price received or the name or names of the person or persons to whom sold. p. 307.

3. INTOXICATING LIQUORS.—*Section 20 of the prohibition law of 1917 was not invalid because not within the title of the act.*—Section 20 of the prohibition law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921), defining and penalizing the maintenance of a liquor nuisance, was not unconstitutional and void because not embraced within the title of the act. p. 308.

4. INTOXICATING LIQUORS.—*Error in instruction as to the charge against the accused for maintaining liquor nuisance held not to require reversal.*—In a prosecution for maintaining a liquor nuisance, an instruction that accused was charged with maintaining such nuisance "as defined by statute and these instructions, *and with reference to the unlawful possession and use of intoxicating liquor*," would not authorize the jury to infer that the appellant could be convicted for merely having possession of intoxicating liquor and hence was not reversible error. p. 308.

5. CRIMINAL LAW.—*Error in particular instruction will not justify reversal unless the whole charge of which it forms a part would mislead the jury as to the law of the case.*—Error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case. p. 309.

6. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for maintaining liquor nuisance.*—Evidence held sufficient to sustain conviction for maintaining, and assisting in

maintaining, a liquor nuisance as defined in §20 of the prohibition law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921). p. 309.

From the Decatur Circuit Court; *John W. Craig,* Judge.

Thomas Robbins was convicted of maintaining a liquor nuisance as defined by §20 of the prohibition law of 1917, and he appeals. *Affirmed.*

*Hugh D. Wickens* and *Frank Hamilton,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, *John W. Holcomb* and *Tremain & Turner,* for the State.

WILLOUGHBY, J.—The appellant was convicted by a jury in the Decatur Circuit Court of a violation of §20 of the prohibition law of Indiana, Acts 1917 p. 15, §8356t Burns' Supp. 1921. From the judgment he appeals and assigns as error that the court erred in overruling his motion to quash the affidavit and that the court erred in overruling his motion for a new trial.

Said §20, *supra,* provides that, "Any room, house, building, boat, structure, or place of any kind where intoxicating liquor is sold, manufactured, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place, building, or club where such liquor is kept to be drunk as a beverage by the members thereof or any other persons, or any place where such liquor is kept for sale, barter, or delivery in violation of the laws of this state, and all intoxicating liquor and all property kept in and used in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance, shall be guilty of a misdemeanor, * * *."

It appears from the affidavit in this case that the appellant and one Gregg Alyea were jointly charged with the offense named therein. The affidavit, omitting the caption, signature and jurat, is as follows:

"Hugh Flint being duly sworn upon his oath says that on or about the ———— day of November, 1922, and on or about the ———— day of December, 1922, and on or about the ———— day of March, 1923, at and in the county of Decatur and State of Indiana, Thomas Robbins and Gregg Alyea did then and there unlawfully keep, use, maintain, and assist in maintaining certain rooms, to wit: The first or ground floor rooms of a two-story brick building situated on the south side of Railroad street in the city of Greensburg, said county and state, which building is commonly known as the National Hotel building, for the purpose of selling, bartering, delivering and disposing of intoxicating liquors as a beverage in violation of the laws of the State of Indiana, and the said Thomas Robbins and Gregg Alyea did then and there unlawfully keep, use, maintain and assist in maintaining said described premises as a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of the laws of the State of Indiana, and the said Thomas Robbins and Gregg Alyea did then and there unlawfully sell, barter, and give away, and assist in selling, bartering, and giving away intoxicating liquors to be drunk as a beverage in violation of the laws of the State of Indiana, and did then and there and thereby maintain and assist in maintaining a common nuisance, then and there being contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

In support of his motion to quash the affidavit, the

appellant insists that §20 of ch. 4 of the acts of 1917, being §8356t Burns' Supp. 1921, is unconstitutional and void; and that the affidavit does not state a public offense because said section is unconstitutional.

Appellant further claims that the facts stated in the affidavit do not constitute a public offense for the reasons that no facts are averred and set forth in the affidavit showing that the room or building which appellant was charged with maintaining and assisting in maintaining was kept, operated or maintained in a disorderly manner, and the appellant further claims that the affidavit does not state the offense with sufficient certainty because it does not state the kind of intoxicating liquor sold, bartered or given away as a beverage and does not aver the price appellant received or the name of the person or persons to whom said liquors were sold, bartered or given away or the quantity of liquor sold. He further claims that the affidavit is bad for duplicity for the reason that more than one offense is attempted to be charged.

This court can take notice of its own records in another case, either upon suggestion of counsel, or upon its own motion. *Denny, Clerk,* v. *State, ex rel.* **1, 2.** (1896), 144 Ind. 503, 31 L. R. A. 726; *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57. An examination of the record shows that the appellant and Gregg Alyea were tried separately. It also appears that the appellant and Gregg Alyea made separate motions to quash the affidavit and that the reasons assigned were the same in each case, and that in *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144, this court held that the motion to quash was properly overruled. It was not error to overrule the motion to quash.

In his motion for a new trial, appellant alleges that the court erred in giving of its own motion instructions

numbered 3, 8, 9 and 10, respectively, for the reason that each of said instructions is based upon §20 of ch. 4 of the Acts 1917 p. 15, and said section is unconstitutional and void because not embraced in the title of the act and the jury was thereby misled to appellant's prejudice. In the motion to quash the affidavit, this question was raised and decided adversely to appellant's contention.

Instruction No. 8 given by the court of its own motion is as follows: "The defendant stands charged in this case with the offense of maintaining, or assisting in maintaining a common nuisance as defined by statute and in these instructions, and with reference to the unlawful possession and use of intoxicating liquor. Even though you may believe him guilty of having committed some other crime you can not convict him in this case, unless you find from the evidence beyond a reasonable doubt that he is guilty of the offense as charged herein. Evidence with reference to sales of liquor by the defendant and by one Gregg Alyea should be considered by you only for the purposes of determining whether or not the defendant Thomas Robbins did, as charged in the affidavit maintain, or assist in maintaining the said rooms for the purpose of keeping, selling or permitting others to drink intoxicating liquors in said rooms in violation of law and for no other purpose."

The clause in such instruction, "and with reference to the unlawful possession and use of intoxicating liquor" is pointed out by appellant as his objection to that instruction. And he says that the jury could infer from this language that appellant could be convicted for the mere possession of intoxicating liquor without other proof, therefore this instruction was erroneous, misleading and prejudicial. While this phrase need not have been used and might have been omitted from the

instruction, we cannot agree with appellant that the jury could infer from this language that the appellant could be convicted for the mere possession of intoxicating liquor without other proof.    We think that this construction is strained and unnatural.

In *Alyea* v. *State, supra,* this same instruction was given to the jury and the court in speaking of that part of the instruction said: "Said part of the instruction is not accurate.    However, it is the rule that error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case. ' *Shields* v. *State* (1897), 149 Ind. 395; *Indianapolis Traction, etc., Co.* v. *Thornburg* (1919), 74 Ind. App. 642.    The remainder of said instruction is correct and complete.    We believe the jury could not have been misled as to the law, by the erroneous part of said instruction."

The giving of this instruction was not reversible error.

The only objection urged by appellant to instructions Nos. 9 and 10 given by the court of its own motion is the alleged unconstitutionality of §20 of the prohibition law.    As said section has been held to be constitutional, no valid objection is presented to the giving of these instructions.

Appellant insists that the verdict of the jury is not sustained by sufficient evidence because there is no evidence tending to prove disorderly conduct or that the acts were continuous or that the public was affected by any act or conduct upon the part of the appellant; or that any of the liquor alleged to have been sold by appellant was intoxicating liquor.

The evidence for the state shows that the appellant Thomas Robbins, held the property described in the

affidavit by a written lease for a period of from October 1, 1922, to November 1, 1923; that during the month of December, 1922, frequent sales of white mule whisky were made by the appellant, Robbins, to different persons in the rooms described in the affidavit; that the building was conducted as a hotel; that there were pool tables and a bar where soft drinks were sold in one of the rooms on the ground floor of said building, and that when sales of white mule whisky were made by the drink, twenty-five cents a drink was charged for it, and the appellant would usually take the customer into a room adjoining the place where soft drinks were sold and would take a bottle containing the white mule whisky out of his pocket and a glass out of the other pocket and the drink would be served. It appears from the evidence that on many occasions this appellant and Gregg Alyea were there at the same time and sales of white mule whisky were made by both of them; that on several occasions, the appellant sold half-pint bottles of whisky for the sum of one dollar and a half to various persons in the rooms described in the affidavit. One witness testified that he went into the place and bought a package of cigarettes and a bottle of "near beer" from appellant Robbins, and also a glass of moonshine whisky and paid twenty-five cents for it and, on the next morning, he returned and saw Robbins and bought two drinks of whisky from him and paid him fifty cents and that he also bought a half-pint bottle of whisky and paid him one dollar and a half for it.

The evidence sustains the verdict. *Alyea* v. *State, supra; Vesely* v. *United States* (1921), 276 Fed. 693.

The judgment is affirmed.

Myers, J., not participating.