VUCKOWICH *v.* STATE OF INDIANA.

[No. 25,041.   Filed June 18, 1929.]

*Paul P. Glaser*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *George J. Muller*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—On August 16, 1924, in the July term of the Lake Criminal Court, an affidavit was filed charging the appellant with unlawfully and feloniously transporting intoxicating liquor in an automobile. On November 18, 1924, a motion to quash such affidavit was filed and overruled by the court. Issues were then joined on appellant's plea of not guilty. The case was tried by the court. The court heard the evidence and found appellant guilty as charged, and his age to be 33 years. The court rendered judgment on this finding on December 1, 1924. After judgment was rendered, on the same date, December 1, 1924, the appellant filed his motion for a new trial, which was overruled by the court. The appellant was granted an appeal to the Supreme Court and 90 days in which to file his bill of exceptions. And the appellant at the same time served notice of an appeal on the prosecuting attorney. On December 3, 1924, the appellant was admitted to bail and released from custody pending appeal.

There are two terms of court each year in the Criminal Court of Lake County. These terms commence on the first Mondays of January and July of each year, and each term continues for six months. On February 16, 1925, of the January term of said court, the following proceedings were had in said court as shown by the record thereof:

"*State of Indiana* v. *Tom Vuckowich*

(No. 4718.)

"Comes now the State of Indiana by its prosecuting attorney and comes also the defendant in his own proper person, in open court and asks leave to withdraw his appeal herein, which petition is by the court granted and said appeal is withdrawn, and the defendant's motion for a new trial is now reconsidered and said motion for a new trial is now by the court sustained and the defendant now also withdraws his plea of not guilty and for his plea herein says that he is guilty as charged; thereupon this cause is submitted to the court for trial, and the court having heard the evidence and being now fully advised in the premises finds: That the defendant is guilty as charged; that he should be fined in the sum of $100.00, and pay the costs of this prosecution and be imprisoned at the Indiana State Prison for a period of not less than one nor more than two years.

"It is therefore considered, adjudged and decreed by the court that the defendant, for the offense by him committed, to wit, transporting liquor, do make his fine to the State of Indiana, in the sum of $100, and pay the costs of this prosecution and be imprisoned at the Indiana State Prison for a period of not less than one nor more than two years.

"And it appearing to the court that, on motion of the defendant and consent of the State, the court now suspends the prison sentence herein imposed upon the defendant so long as he shall behave well and on condition

that the suspension of the sentence may be revoked at any time for cause, and that, upon payment of fine and costs herein, the defendant be released from custody and paroled.

"And afterwards, to wit, on the 20th day of April 1925, the same being the ninety-first judicial day of the January Term, 1925, of said court, the following further proceedings were had and entered of record in the above entitled cause, to wit:

"The court having had this cause under consideration as to the legal status of the proceedings had and the orders entered herein on the 16th day of February, 1925, and being now fully advised in the premises, finds that the entries, orders and proceedings had and done herein on said 16th day of February, 1925, by the respective parties hereto and entered herein, were without jurisdiction of the court at said time for the reasons that on said date this cause was not in fieri in this court and that on said date the term of court at which final judgment was rendered herein had expired and a subsequent term of court had intervened. Therefore said proceedings had on said 16th day of February, 1925, as shown by the entries made herein on said date, were and are null and void and should be vacated and set aside and held for naught.

"Therefore the court now, by and upon its own motion, for the reasons aforesaid, orders that said proceedings had as shown by the entries herein on said 16th day of February, 1925, together with said entries and orders made on said date, be and the same are hereby vacated and set aside in all respects and for all purposes as if the same had not been had and entered herein; that an exception to this order be saved for the defendant herein. And the defendant asks and is given thirty days for a special bill of exceptions."

The record recites that a special bill of exceptions was

filed on May 20, 1925, but neither the original nor a copy thereof is in the transcript.

The appellant attempts to assign error of the court and appeal from its decision from an alleged judgment made on April 20, 1925. This order does not purport to be a final judgment, but is merely an order setting aside an attempted action of the court on a previous date. When the judgment was taken against this appellant on December 1, 1924, he prayed an appeal, which was granted, and 90 days' time in which to file his bill of exceptions given. He then served notice of appeal on the prosecuting attorney and gave bond as required in such appeals to release him from custody pending the appeal. Afterward, on February 16, 1925, he withdrew his appeal and asked the court to reconsider his ruling on the motion for a new trial.

The appellant claims that: (1) The trial court erred in making the order of April 20, 1925, which revoked the court order of February 16, 1925. (2) The trial court erred in revoking the order of said court dated February 16, 1925, for the reasons assigned in the order of April 20, 1925, so revoking it. (3) The trial court erred in holding that the order and judgment of February 16, 1925, were in all things null and void. (4) The trial court erred in revoking the suspension of appellant's prison sentence granted by order of February 16, 1925.

When a motion for a new trial was overruled by the court on December 1, 1924, and a valid judgment rendered, this cause was at an end, and the judgment so entered is in full force and effect.

"All judgments regularly entered must become final at the end of the term. After that time the courts which entered them have no power to set them aside, except such as may be given by statute, unless some proceeding for that object has been commenced within the term and has been continued for hear-

ing, or otherwise remains undisposed of." 1 Freeman, Judgments (5th ed.) §196, p. 381. *In re Saric* (1925), 197 Ind. 1, 149 N. E. 434.

In this case, as the final judgment had been entered on December 1, 1924, it was not within the power of the court to set aside or change the record in any way after the expiration of the term at which it was rendered, so as to make the record show that something was done which was not done. The order of the court made February 16, 1925, setting aside the judgment in the case which had been entered December 1, 1924, and granting a new trial, was void for the reasons stated by the court in such order.

The Constitution of the State does not grant to anyone the right either to a new trial or to an appeal to this court or any other court. Such a right depends upon the provision of the statutes, and a new trial can be granted or an appeal taken only when authorized by statute, and then only in the manner, upon the conditions, and for the reasons named in the statute. *Amacher* v. *Johnson* (1910); 174 Ind. 249, 91 N. E. 928; *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), 200 Ind. 178, 162 N. E. 403.

However, the proceedings to which appellant objected and from which he seeks to take an appeal was the order of the court made on April 20, 1925, in which said court set aside the order made on February 16, 1925. The order of February 16, 1925, was void because the court had no jurisdiction to make it. The order of April 20, 1925, declaring the order of February 16, 1925, to be void did not harm the appellant, because he had acquired no rights by virtue of the void order of February 16, 1925.

It will be observed that the order of April 20, 1925, was not a final judgment from which an appeal could be taken. *State* v. *Lanphar* (1925), 196 Ind. 109, 147

N. E. 328; Ewbank, Manual of Practice (2d ed.) §82; Elliott, App. Proc. §83. The effect of the order made by the court April 20, 1925, was to declare that the judgment rendered against appellant December 1, 1924, was and is a valid judgment, in full force and effect. The only relief which could be had in an appeal in this case would be by an appeal from the judgment rendered December 1, 1924. The defendant dismissed that appeal.

This appeal, not being an appeal from a final judgment, is dismissed.