STATE EX REL. SAUERS ET AL. *v.* KISTER, SPECIAL JUDGE.

[No. 27,138. Filed February 27, 1939.]

*Nathan C. Nelson, Henry B. Heller* and *W. H. Eichhorn,* for appellants.

*John D. De Voss, Roscoe D. Wheat* and *Morton C. Embree,* for appellee.

FANSLER, J.—The respondent was appointed and

qualified as special judge in a drainage proceeding in which there was final judgment establishing a drain. The proceeding involved the issuing of bonds by the county. The board of county commissioners adopted a bond ordinance. Thereafter they sought to repeal the ordinance. An action was commenced against the county commissioners in the name of the State of Indiana, to mandate them to issue the necessary bonds. The complaint for mandate was presented to the respondent as special judge. It was docketed by him as part of the drainage proceeding, and a summons was ordered issued for the defendants. The relators filed this original action asserting that the respondent as special judge in the drainage proceeding has no jurisdiction of this action, and seeking a writ prohibiting him from entertaining further jurisdiction.

Upon the filing of the petition, a temporary writ of prohibition issued.

The action to mandate the county commissioners is no part of the drainage proceeding. It is a different action, with different parties. It was recognized by the respondent that a summons for the defendants was necessary in order to get jurisdiction of them in this new proceeding. It is true that the right to have the bonds issued arises out of the judgment establishing the drain. If it is the legal duty of the commissioners to issue the bonds, that duty arises out of the judgment in the drainage proceeding, and the action to compel the performance of the duty is supplementary to, and in aid of, the drainage proceeding. The respondent as special judge has full jurisdiction in the drainage proceeding until it is finally disposed of. "But he has no jurisdiction in supplementary actions which may grow out of the failure or refusal of a party to perform a legal duty imposed by or arising out of the judgment which cannot be enforced by issuing execu-

tion thereon." *State ex rel. McGuirk* v. *Davisson, Special Judge* (1925), 196 Ind. 451, 459, 148 N. E. 401, 403.

The temporary writ is made permanent.

Roll, J., absent.