STATE EX REL. USERVO, INC., ET AL. *v.* CIRCUIT COURT
OF HUNTINGTON COUNTY.

[No. 27,393.   Filed May 13, 1940.   Rehearing denied
June 10, 1940.]

*Roland Obenchain,* of South Bend; and *Burr H. Glenn,* of Huntington, for relators.

*Claude Cline,* of Huntington; and *R. C. Parrish,* of Fort Wayne, for respondents.

ROLL, J.—On March 16, 1940, relator filed its verified petition herein for a writ of prohibition and mandate. Upon the showing therein made, an alternative writ was issued. Respondents have filed their responses, and, from the original petition and the responses herein filed, the following facts are made to appear.

On August 14, 1935, the relator herein filed in the Allen Circuit Court its complaint against one Johanna Selking Wyss, trading as "Sunshine Dairy," praying, among other things, that she be perpetually enjoined and restrained from using, filling, distributing, or accumulating its milk bottles bearing its trade-mark and registered name, "Uservo," and from disposing of or delivering them to any person other than it. The cause was afterwards venued to the Huntington Circuit Court and placed on the docket under cause No. 8746. There the cause was tried, and a decree entered on May 21, 1936. Upon petition subsequently filed, the decree of

May 21, 1936, was modified on July 23, August 27, 1936, and on January 18, 1937.

On February 22, 1937, Mrs. Wyss filed her first information with the court, and asked that a citation be issued against the relator and certain persons and officers of the Uservo Company, requiring them to appear and show cause, if any they had, why they should not be held in civil contempt. Certain objections to this petition were filed and sustained.

Afterwards, on June 18, 1938, Mrs. Wyss filed another verified petition and information for contempt. The citation was issued.

On January 17, 1939, Judge Otto H. Krieg, the duly elected, qualified, and acting judge of the Huntington Circuit Court, disqualified himself from hearing the contempt proceedings, and finally one, J. Fred Fruchte, was appointed to hear and determine said contempt proceeding. Judge Fruchte qualified and assumed jurisdiction on February 28, 1939.

On July 19, 1939, a supplemental showing for a citation was filed by Mrs. Wyss. It was alleged in the petition that the relators herein had violated the decree theretofore entered and modified as hereinbefore stated, and that Mrs. Wyss had sustained damages by reason of such alleged violations.

On September 6, 1939, Judge Fruchte found the said Uservo Company, and certain individuals therein named, guilty of civil contempt, and found that Mrs. Wyss had been damaged thereby in a certain amount, and that the respondents therein should pay the same, and ordered them committed to jail until the said amount was paid. From this judgment said relators therein perfected an appeal to this court and the same is now pending as No. 27295.

On February 13, 1940, Mrs. Wyss again filed information in said cause No. 8746, wherein she alleged that said "Uservo Inc.," and certain named persons, had violated the decree originally entered on May 21, 1936, and as modified on July 23, August 27, 1936, and on January 18, 1937, and lastly on August 16, 1939. The modified decree entered on August 16, 1939, was the result of a complaint for a review of the decree entered originally in cause No. 8746, on May 21, 1936, and as afterwards modified as hereinbefore set out. This complaint for a review was docketed under cause No. 9781, and was tried by Byron C. Kennedy as special judge. He made special finding of facts, and stated conclusions of law thereon, and entered a decree wherein he attempted to define the rights and duties of all the parties interested in said litigation. He made an order that a certified copy of the decree therein issued be filed by the clerk in cause No. 8746.

By her last petition and information, Mrs. Wyss again alleged that the "Uservo Inc.," and the individuals therein named, were guilty of violating the orders of the court, and that she had sustained damages by reason of said stated wrongful acts, and petitioned the court to adjudge said parties to be in contempt of court, to fix the amount of her damages, and to enforce the payment thereof by imprisonment. She also sought a modification of said last mentioned decree, namely the decree dated August 16, 1939, entered by Judge Kennedy in cause No. 9781, a certified copy of which had been filed in cause No. 8746.

The petition filed on February 13, 1940, was filed before the relator, Judge Fruchte, and he noted the filing thereof and ordered citation and also summons issued for the respondents therein named. The citation

and summons fixed February 27, 1940, as the return day to said petition and citation.

On February 20, 1940, the respondents therein appeared in the Huntington Circuit Court before Judge Otto H. Krieg, regular judge of said court, and offered to file a verified petition wherein they requested him as the duly elected, qualified, and acting judge of the Huntington Circuit Court, to expunge the record of said court of all notes, entries, and orders appearing therein, made by J. Fred Fruchte, by reason of the offer and filing of the last petition for citation and to modify, for the reason that the said J. Fred Fruchte had no jurisdiction whatever to make said minutes, notes, and entries, and that he, as regular judge, was the only person who had any jurisdiction to make and issue the same. Judge Krieg refused to permit the respondents to file said petition, and refused to expunge the record of said named entries.

On February 27, 1940, the respondents therein appeared specially before J. Fred Fruchte for the purpose of objecting to the jurisdiction; and on March 4, 1940, filed in said cause their written objection to the jurisdiction of said J. Fred Fruchte over said matter. These written objections were overruled on March 13, 1940, and on March 16, 1940, the relators herein, being the respondents named in the petition for a citation and to modify the decree filed on February 13, 1940, by Mrs. Wyss, filed with this court their original petition for a writ to be issued against the said J. Fred Fruchte, prohibiting and restraining him from taking any further action in said matter for lack of jurisdiction, and also asking that a writ of mandate be issued against Otto H. Krieg, as judge of the Huntington Circuit Court, commanding and ordering him to expunge the record of

said void and unauthorized entry so made by J. Fred Fruchte.

As stated above upon the showing made by the verified petition filed herein, this court issued the alternative writ. Responses have been filed by both respondents. Respondent Fruchte, in his response, admits some of the rhetorical paragraphs of the petition, and those that are not admitted relate to the proceedings as disclosed by the record which do not materially differ from the alleged facts in the petition.

Respondent Krieg, in his response, states that he refused to expunge the record of said entries because J. Fred Fruchte had assumed jurisdiction, and, out of consideration of comity and respect for a judge of a court of apparent equal and concurrent jurisdiction, he felt that the question was one to be determined by the said J. Fred Fruchte or by this court, and therefore he gave the merits of the question no consideration. He also states that he stands ready and willing to carry out and perform any and every order which this court may make or enter in this cause.

By § 2-1410, Burns' 1933, § 206, Baldwin's 1934, it is provided that a special judge,

". . . shall have power to hear and determine said cause until the same is finally disposed of, or change of venue thereof in proper cases."

In this case the facts show that an order or decree was made in an action instituted in the Allen Circuit Court by the relator, Uservo Inc., against Johanna Wyss, and on change of venue the cause went to the Huntington Circuit Court, and afterwards a special judge entered a final decree in said cause. Later this decree was modified several times. The last change was made when a new action was commenced by the filing of a complaint for a review. This was tried by Byron C. Ken-

nedy as special judge. The other decrees were entered by Judge Kenner, the then duly elected and acting judge of the Huntington Circuit Court, except for the slight modification made on January 18, 1937, by Judge Hurst, special judge. Judge Fruchte had no part whatever in making any of the decrees involved in these proceedings. When the contempt proceedings were instituted on June 18, 1938, they were filed before Judge Krieg, who, on January 17, 1939, disqualified himself, and thereafter J. Fred Fruchte was appointed special judge to try said contempt action. Final judgment was entered in that action on September 6, 1939.

It was said in *Kissel* v. *Lewis* (1901), 27 Ind. App. 302:

> "When the statute (§ 419, Burns' 1894) says that a special judge 'shall have power to hear and determine said cause until the same is finally disposed of, or change the venue thereof in proper cases,' it means until a final judgment or decree is entered in the cause; until the rights of the parties respecting the matters involved are determined and adjudicated. It is true a special judge may sign bills of exceptions after a final decree or judgment is entered, but such an act is merely the completion of an order made by him during the trial."

*Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. (2d) 971. This rule of law is so well known to the profession that additional citations. are unnecessary. The facts are undisputed that the contempt proceeding for which J. Fred Fruchte was appointed as special judge had been fully and finally determined. A final judgment was entered, a motion for a new trial passed upon, the bill of exception had been signed by him, and an appeal to this court had been fully and completely perfected. So, there can be no question that as far as the contempt proceeding is concerned, the jurisdiction of the respondent, J. Fred Fruchte, has been

terminated. It therefore follows that any action taken by J. Fred Fruchte in a cause or proceeding other than that for which he was appointed is void and of no force or effect.

Section 3-2201, Burns' 1933, § 1090, Baldwin's 1934, in part provides:

> ". . . and also writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile, or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile, or municipal courts, respectively, to their respective lawful jurisdiction."

It would seem from the provisions of the statute that where a special judge, appointed to hear and determine a particular cause, attempts to exercise jurisdiction over some other proceeding over which he has no jurisdiction, that he is exceeding his jurisdiction, and that a writ of prohibition is a proper remedy. See *State, ex rel.* v. *Davidson*, 196 Ind. 451, 460; *State* v. *Kister* (1939), 215 Ind. 245, 19 N. E. (2d) 463. We conclude that the respondent, J. Fred Fruchte, was and is without jurisdiction to make any orders or entries whatever involving the petition to modify the decree and the information for citation for contempt for alleged violation of the decree sought to be modified, filed by Mrs. Wyss on February 13, 1940; that he should be permanently enjoined from attempting to exercise any further jurisdiction over said proceeding; that any and all orders, minutes, or entries so made by the said J. Fred Fruchte in said matter was made without authority, are therefore void and of no effect, and should be stricken from the record. We hold also that the respondent, Otto H. Krieg, as the duly elected, qualified and acting judge of the Huntington Circuit Court, is the sole and only judge that has jurisdiction in said

proceeding, and that he should expunge the record of such void and unauthorized entries, and that a writ of mandate from this court should issue to that effect. All of which is so ordered.

The temporary writ of prohibition and mandate heretofore issued is hereby made permanent and absolute.

NOTE.—Reported in 27 N. E. (2d) 79.