STATE EX REL. WABASH VALLEY COACH COMPANY ET AL.
v. BEASLEY ET AL.

[No. 27,844. Filed March 24, 1943.]

*Thomas P. Gallagher* and *Adamson, Blair & Adamson*, all of Terre Haute, for petitioners.

*B. F. Small*, of Terre Haute, for respondents.

SHAKE, J.—On January 14, 1943, this court reversed the judgment of the Superior Court of Vigo County, No. 2, Honorable John H. Beasley, Special Judge, in the case of Wabash Valley Coach Co. et al. v. Turner, No. 27718, with a written opinion which concluded with the following mandate:

"The judgment is reversed, with instructions to the trial court to restate its conclusions of law in conformity with this opinion and to enter judgment for the defendants." *Ante* p. 52, 46 N. E. (2d) 212.

A petition for rehearing was denied on February 8, 1943, and the opinion and mandate was certified to and received by the court below on February 16, 1943. For some unexplained reason the mandate has not been complied with.

After the above case was finally disposed of by this court the relators herein filed in the original cause in the court below an information in the nature of a supplemental proceeding, charging that the respondents had interfered and were interfering with the management, business and property of the Wabash Valley Coach Company, in violation of the final judgment mandated by this court and in violation of a permanent injunction theretofore entered in said cause by the trial court. The relators prayed for orders requiring said named respondents to desist from such interference and

to show cause why they should not be held in contempt for violation of said injunction.

The respondents Turner, Hammond and Walters thereupon filed objections to the Honorable Richard V. Newton, regular judge of said Vigo Superior Court, No. 2, hearing the issues presented by said information and asserting that the rightful jurisdiction of said matter was before the Honorable John H. Beasley, special judge of said court who had rendered the judgment from which the appeal had been prosecuted to this court. The regular judge sustained said objections, whereupon the special judge undertook to assume jurisdiction. The relators then made application to this court for a writ of prohibition against the special judge and a writ of mandate against the regular judge to determine which has jurisdiction to entertain said information. Temporary writs were granted as prayed for, a response has been filed, and oral arguments heard. The facts, as stated herein, are not in dispute.

If the special judge had promptly complied with the mandate of this court when the same was officially called to his attention this controversy would probably have been averted. Said mandate was clear, positive, and unequivocal. It commanded the special judge to restate his conclusions of law in conformity with the opinion and to enter judgment for the defendants. Nothing was left to the discretion of the judge. For the purposes of the case now before us we will, therefore, treat that as having been done which ought to have been done.

The statute authorizing special judges provides that they shall have power to hear and determine the causes in which they are appointed until the same are finally disposed of, unless the venue is changed. Acts 1881 (Spec. Sess.), ch. 38, § 257, p. 240,

§ 2-1410, Burns' 1933, § 206, Baldwin's 1934. It follows that the functions of a special judge are concluded by the entry of a final judgment in the cause in which he is appointed. A special judge appointed to hear and determine a particular case does not have jurisdiction of a supplementary proceeding instituted subsequent to the final judgment. *State ex rel. McGuirk* v. *Davisson, Judge* (1925), 196 Ind. 451, 148 N. E. 401; *State ex rel. Sauers* v. *Kister, Special Judge* (1939), 215 Ind. 245, 19 N. E. (2d) 463; *State ex rel. Uservo, Inc.* v. *Circuit Court of Huntington Co.* (1940), 217 Ind. 297, 27 N. E. (2d) 79.

The case of *Center Township* v. *Board of Commissioners of Marion Co.* (1887), 110 Ind. 579, 10 N. E. 291, is readily distinguishable. In that case there had been a reversal by this court with directions to enter a specific judgment. Subsequently, but before entry of the judgment ordered, one of the unsuccessful litigants filed in the trial court a motion in arrest and to correct an alleged mutual mistake of fact in the special findings, which relief was denied. This was followed by the entry of judgment and a motion on the part of the litigant to be relieved therefrom for the reasons previously asserted. By agreement of the parties a special judge was then appointed and he likewise denied the relief sought. In affirming the judgment this court said that the court below had jurisdiction to grant relief from judgments and that the consent of the parties precluded them from challenging the authority of the special judge. In the case at bar there has been no attempt to disturb the judgment which this court directed to be entered; nor have the relators bound themselves by any agreement disclosed by the record.

The special judge possesses no jurisdiction further than to comply with the mandate of this court. The

Superior Court of Vigo County, No. 2, has ample power to make its judgment effective (*Rooker* v. *Fidelity Trust Co.* (1926), 198 Ind. 207, 151 N. E. 610) ; but this function is to be performed by the regular judge, rather than by the special that served when the final judgment was entered.

The temporary writs heretofore issued are made permanent.

NOTE.—Reported in 47 N. E. (2d) 324.