## SCHAAF *v.* STATE OF INDIANA.

[No. 27,840.   Filed June 24, 1943.]

564

*George F. Sammons* and *Crumpacker & Friedrich,* all of Hammond, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, *Frank E. Coughlin,* Deputy Attorney General, *Charles W. Gannon,* of Crown Point, and *Henry G. Doherty,* of East Gary, for appellee.

SWAIM, C. J.—This cause was instituted against the appellant by the return of an indictment in three counts by the grand jury of Lake County, Indiana. The defendant's motion to quash each count of the indictment was sustained as to counts one and two and overruled as to the third count. The appellant then appeared in open court, waived arraignment and pleaded not guilty. Thereafter, the venue of the cause was changed to the Newton Circuit Court on the appellant's motion.

On November 30, 1942, one Charles W. Gannon, who had been elected prosecutor of said Lake County but whose term of office would not begin until January 1, 1943, appeared in the Newton Circuit Court and filed a petition to be appointed special prosecuting attorney in this cause with full powers of the prosecuting

attorney in the premises. To this petition the regularly elected and duly qualified prosecuting attorney of Lake County and the appellant each filed written objections. On December 4, 1942, a hearing was held on said petition and the objections thereto were sustained. Without any further motion or pleading Gannon was appointed by the court to prosecute this action on behalf of Lake County and the appellant was ordered to appear on December 9, 1942, to be arraigned and plead thereon.

When the appellant appeared in the Newton Circuit Court pursuant to said order, she was required to elect whether the further prosecution of the cause should be instituted in the Newton Circuit Court or in the Lake Criminal Court. She refused to elect and the court thereupon ordered that she be recognized to appear on the first day of the January term of the Lake Criminal Court in Crown Point, Indiana, and fixed her bond in the sum of $2,000.00, to be approved by the Newton Circuit Court. The appellant tendered her bond which was approved and she was then released from the custody of the sheriff.

Thereupon the State, by Newell A. Lamb, acting prosecuting attorney for the 79th Judicial District (Newton County), and Charles W. Gannon, counsel appointed by the court to prosecute this cause on behalf of Lake County, filed a motion to dismiss this cause for the following reason:

"The State of Indiana does not have sufficient evidence available at this time and can not have sufficient evidence available at this term of court to enable the State of Indiana to prove the offense charged in the indictment in the above entitled cause and the defendant in this cause has been held by recognizance to answer the indictment in this cause without trial during the January Term, 1942, and the April Term, 1942, of this court and during the elapsed portion of this term of this

court, and if this term of this court is allowed to expire without the defendant in this cause being brought to trial the said defendant would be entitled to make application for her discharge and might be successful therein."

The appellant objected to the granting of said motion, assigning as reasons therefor that said Lamb and Gannon who offered the motion had no legal status in the action; that the recognition of Lamb and the appointment of Gannon by previous order of the court were void; that the only person having control of the action and the discretion to dismiss was the regularly elected and duly qualified prosecutor of Lake County; that no sufficient ground for the dismissal of the action was stated in the motion; and that the grounds stated, together with the record, showed that the motion to dismiss was an effort to circumvent the operation of the three term statute. These objections were overruled by the court, the motion to dismiss was sustained and the cause was dismissed.

The September term, 1942, of the Newton Circuit Court expired on December 12, 1942. Thereafter, on the 23rd day of January, 1943, the defendant filed in said Newton Circuit Court, her verified motion to be discharged, alleging that the action of the court in dismissing the cause was void because the motion to dismiss was filed by Lamb and Gannon who were without authority; that said motion showed no cause for dismissal; and that said defendant had been held by recognizance to answer to the indictment for more than three terms of the court. On the motion of Edwin L. Robinson, the prosecuting attorney of Newton County, and of said Gannon, the defendant's motion for a discharge was stricken from the record.

From the action of the court in dismissing this cause and in striking appellant's motion for discharge from

the records, the appellant prosecutes this appeal, assigning as errors the action of the Newton Circuit Court: (1), In overruling the motion of the appellant to quash the indictment; (2), in appointing Charles W. Gannon as counsel for Lake County, Indiana; (3), in recognizing Newell A. Lamb, acting prosecuting attorney of Newton County, in this cause; (4), in refusing to accept the waiver of the appellant, by her attorneys, of the reading of the indictment; (5), in refusing to accept the separate offer of the appellant by her attorneys to plead to the indictment in the absence of the appellant; (6), in requiring appellant to appear in person to be arraigned and plead in this cause; (7), in sustaining the motion of Gannon and Lamb to require the appellant to elect whether a threatened new prosecution should be instituted in Newton or Lake County; (8), in committing the appellant to the custody of the sheriff of Newton County on December 9, 1942; (9), in requiring the appellant to furnish bond to secure the appearance of the appellant to threatened new prosecutions not yet filed; (10), in overruling the objection of the appellant to the motion of Lamb, acting prosecuting attorney of Newton County, to dismiss this cause; (11), in sustaining such motion to dismiss, and in dismissing this cause of action, over the objection of the appellant; and (12), in sustaining the motion of said Gannon and the prosecuting attorney of Newton County to strike the appellant's motion for discharge from the record and in striking said motion from the record.

The State has filed a motion to dismiss this appeal on the ground that this court is without jurisdiction because there was no final judgment against the appellant.

Section 9-2301, Burns' 1942 Replacement, § 2366, Baldwin's 1934, provides that a defendant may take an

appeal from any judgment in a criminal action against him; and that upon the appeal any decision of the court or intermediate order, made in the progress of the case, may be reviewed. This statute has been interpreted as authorizing an appeal by a defendant only when there is a judgment against him. *Musselman* v. *State* (1870), 33 Ind. 267.

Other courts have recognized the principle that appeals in criminal cases are not allowed for the purpose of answering abstract questions of law, but only for the purpose of redressing a wrong done to the defendant by some erroneous action of the trial court. In *Commonwealth* v. *Washington Graves* (1873), 112 Mass. 282, where a defendant appealed from an order discharging him the court said, "The defendant is not legally aggrieved by his discharge from custody, and therefore cannot appeal from the order of discharge."

In *Lewis* v. *United States* (1910), 216 U. S. 611, an attempted appeal by a defendant, from an order dismissing an indictment against him, was dismissed, on the ground that the plaintiff in error could not complain until "he was made to suffer," and that he was not legally aggrieved by his discharge from custody.

In *State* v. *Seaboard Air Line Ry.* (1915), 169 N. C. 295, 84 S. E. 283, the court said, "It is the established position with us that no appeal lies for defendant in a criminal case, except from a judgment on conviction or plea of guilty or some judgment against him in its nature final."

In *Ryan* v. *State* (1917), 81 Tex. Cr. R. 632, 198 S. W. 582, a defendant appealed from an order of the trial court dismissing the case, on the ground that the dismissal was upon insufficient or illegal grounds and would operate to deny him a speedy public trial guaranteed to him by the constitution. The court in dismissing

the appeal said that the right of appeal in such case did not exist and that while it was not to be doubted that a wrongful dismissal might be oppressive and that against such wrong the aggrieved party should have an appropriate remedy, the relief was not to be attained by an appeal from the order of dismissal.

The appellant has cited the case of *Slater* v. *Commonwealth* (1931), 239 Ky. 620, 40 S. W. (2d) 389, in which an appeal by a defendant from an order dismissing the indictment against him was permitted on the theory that, under the facts of that particular case, the order of dismissal was a final order which prejudiced the substantial rights of the accused. The Kentucky Code (Baldwin's Revision 1938, Carroll's Kentucky Codes, Civil and Criminal), § 335 and § 336 provide that an appeal shall only be taken on a final judgment but that an appeal shall be granted to the defendant as a matter of right. Section 339 thereof provides that a judgment in favor of the defendant, which operates as a bar to a future prosecution for the offense, shall not be reversed by the Court of Appeals. Section 340 of said Code provides for a reversal of a judgment of conviction in a criminal case "for any error of law (appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby.)" We do not find in the Kentucky Code the same strict limitation on the defendant's right of appeal which we find in our statutes.

While the General Assembly may not deny the right of appeal to this court, we have consistently held that a statutory method provided must be strictly followed to give this court jurisdiction of the appeal.

The Legislature has not seen fit to give a defendant in a criminal action the right to appeal to this court

from intermediate orders or actions of the court prior to final disposition of the case and on final disposition of the case the defendant is given the right of appeal only where the judgment is against him. We do not believe that an order of the court dismissing the indictment against a defendant can properly be deemed a "judgment against the defendant" within the meaning of our statute.

If reviewable under an appeal from an order of dismissal, the various errors assigned by the appellant concerning the action of the court in reference to this cause prior to the dismissal, if error, were rendered harmless when the indictment was dismissed. The various errors assigned in reference to the "threatened new prosecution" could be considered by this court only on an appeal from a "judgment against the defendant," if and when such threatened new prosecution develops into such a judgment.

The records and the briefs contain many references to a "threatened new prosecution" to be filed "for allegedly the same offenses charged in this indictment." Several of the errors assigned in this appeal and many of the defendant's objections seem to be directed to this "threatened new prosecution." The record fails to disclose whether such "new prosecution" was ever filed. In this appeal we may not consider questions which might eventually be presented in an appeal from a judgment against the defendant in the new action which the State threatened to file.

The appellant also alleges error for striking out her motion for discharge which she filed in the Newton Circuit Court after the term in which the indictment was dismissed. If the dismissal of this indictment be conceded to be a final disposition of this cause, then the court properly struck out the

motion for discharge because after the term in which a cause is finally disposed of the court is without jurisdiction to change such final judgment or order of disposition, unless some proceeding for such change has been commenced within the term and has been continued for hearing or otherwise remains undisposed of. *Vuckowich* v. *State* (1929), 201 Ind. 194, 166 N. E. 771; *In re Saric* (1925), 197 Ind. 1, 149 N. E. 434.

If, on the other hand, as contended by the appellant, the order of dismissal was absolutely void, the action of the court on the appellant's motion for a discharge does not constitute a judgment against the appellant from which she may appeal. *Hensley* v. *State* (1910), 175 Ind. 16, 17, 93 N. E. 211. In that case the court said, "It is settled law in this State that appeals in criminal cases can only be taken from final judgments. *Ergenbright* v. *State* (1897), 148 Ind. 180, and cases cited. The action of the court in overruling the motion to discharge was not a final judgment. As no final judgment has been rendered in said cause, this court has no jurisdiction of this appeal." On this question the appellant, as authority for his position, cited the case of *Brooks* v. *The People* (1878), 88 Ill. 327. In that case an indictment was returned against the defendant in the March term, 1877. During the April term a new indictment was returned by the grand jury based upon the same alleged crime. The defendant was held in custody continuously from the time he was arrested on the first indictment. At the July term he made a motion to be discharged which was overruled. Thereafter, on his trial on the second indictment, he was convicted and sentenced to imprisonment. In an appeal from the judgment finally rendered against him the judgment was reversed on the ground that his motion for discharge should have been

sustained; that it should be considered as if there had been no dismissal of the first indictment and as if the second indictment had been found and returned in the March term. That case is not authority for the proposition that the action of the trial court on a motion for discharge may be considered by this court except on a final judgment against the defendant.

The appeal is dismissed.

NOTE.—Reported in 49 N. E. (2d) 539.