STATE EX REL STEERS, ATTORNEY GENERAL v. CRIMINAL COURT OF LAKE COUNTY, MURRAY, J. ET AL.

[No. 29,035. Filed May 25, 1953. Rehearing denied June 17, 1953.]

444

Edwin K. Steers, Attorney General and Carl Humble, Deputy Attorney General, for petitioner.

E. Miles Norton, of Crown Point, for respondents.

EMMERT, J.—This is an original action by which the relator sought an alternative writ of mandamus and a temporary writ of prohibition. The issues here involve the jurisdiction of Harry Long as Special Judge of the Criminal Court of Lake County in Cause No. 23620, entitled The State of Indiana vs. C. Ballard Harrison, wherein said Harrison was found guilty of perjury by a jury, upon which verdict he was sentenced to the Indiana State Prison for a term not less than one nor more than ten years. On appeal we affirmed the judg-

ment. *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912. A petition for rehearing was overruled October 6, 1952.

We take judicial notice of the record in this previous appeal. *Rooker* v. *Fidelity Trust Co.* (1931), 202 Ind. 641, 177 N. E. 454; *Blankenbaker* v. *State* (1929), 201 Ind. 142, 166 N. E. 265; *Robbins* v. *State* (1926), 197 Ind. 304, 149 N. E. 726. The judgment on the verdict was rendered the 5th day of February, 1951, which was during the January term of the trial court. By §4-2309, Burns' 1946 Replacement, the trial court has two terms each year, one beginning the first Monday of January, and the other beginning the first Monday of July. After our mandate in the appeal had been certified to the trial court, on December 3, 1952, Harrison filed a petition for a suspended sentence. Notice was given the Prosecuting Attorney of Lake County and the Attorney General, that Harrison would file a motion to suspend his sentence, which proceeding was resisted by the Attorney General, but for some unexplained reason the Prosecuting Attorney refused to participate in the proceedings.

On December 26, 1952, the Special Judge purported to suspend the sentence by an order book entry, a certified copy of which is attached to the relator's petition.[1]

---

1. "And the Court now finds that the sentence herein imposed upon the defendant on the 5th day of February, 1951, namely: that he be imprisoned in the Indiana State Prison for a period of not less than one nor more than ten years from this date, and that he pay the costs of this prosecution, be suspended during his good behavior.

"It is therefore considered, adjudged and decreed by the court that from the circumstances surrounding the commission of the offense and the character of the defendant that the interests of society do not require that the defendant should suffer the penalty herein imposed upon him on the 5th day of February, 1951, it is therefore ordered by the Court that the prison sentence herein imposed upon said defendant be and the same is hereby suspended during his good behavior and the defendant is ordered to report to the Probation Officer of this Court within ten days from this date."

Thereafter the Attorney General moved the regular presiding judge of the Lake Criminal Court to expunge this record, which he refused to do, and we issued the alternative writ of mandamus ordering the regular presiding judge to expunge the record or show cause why it should not be done.

The respondents first assert that the Attorney General had no authority to appear and object to the proceedings in the trial court to suspend the sentence or to move the regular presiding judge to expunge the record of a purported suspension of sentence. It is true the Attorney General of Indiana has no common law powers, and that his rights, powers and duties are statutory. *State ex rel.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N. E. 909; *Davis* v. *Pelley* (1952), 230 Ind. 248, 102 N. E. 2d 910; *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839; *Ford Motor Co.* v. *Treasury Dept.* (1945), 323 U. S. 459, 65 S. Ct. 347, 89 L. Ed. 389. However, by §49-1924, Burns' 1951 Replacement (Acts 1941, ch. 109, §6, p. 292), the Attorney General's powers were enlarged. This section provides in part that the Attorney General, "when, in his judgment, the interest of the public requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution; and (b) represent the state of Indiana in any manner involving the rights or interests of the state, including actions in the name of the state of Indiana, for which provision is not otherwise made by law." We do not believe the Legislature intended to create any twilight zone in the prosecution of an accused. We hold the authority of the Attorney General extended to this proceedings had after the entry of judgment. The Attorney General had authority to resist the purported modification of the

judgment, and he has authority to prosecute this original action to protect the validity of the original judgment entered on the verdict.

The statute concerning suspension of sentences provides, "The several circuit and criminal courts . . . shall have power, in any case where any person shall have been convicted of a felony or misdemeanor, . . . upon the entry of judgment of conviction of such person, to suspend such sentence and parole such person, by an order of such court, duly entered of record as a part of the judgment of the court in such case . . . Provided, That, the court may not suspend the execution of sentence after the defendant shall have commenced to serve his sentence of imprisonment." Section 9-2209, Burns' 1942 Replacement. The proviso was intended to prohibit the trial judge from changing a judgment during the same term it was rendered after the defendant had begun serving his sentence.

" 'All judgments regularly entered must become final at the end of the term. After that time the courts which entered them have no power to set them aside, except such as may be given by statute, unless some proceeding for that object has been commenced within the term and has been continued for hearing, or otherwise remains undisposed of.' 1 Freeman, Judgments (5th ed.) §196, p. 381. *In re Saric* (1925), 197 Ind. 1, 149 N. E. 434." *Vuckowich* v. *State* (1929), 201 Ind. 194, 198, 199, 166 N. E. 771. See also *State ex rel. Thomas* v. *Murray, Judge* (1942), 219 Ind. 461, 39 N. E. 2d 450; *Schaaf* v. *State* (1943), 221 Ind. 563, 49 N. E. 2d 539.

Although a special judge has jurisdiction to rule upon a motion for new trial, sign bills of exceptions,

and to comply with the mandate of a court of review, the general rule is his jurisdiction terminates after the judgment becomes final. *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. 2d 971; *State ex rel. Wabash Valley Coal Co.* v. *Beasley* (1943), 221 Ind. 274, 47 N. E. 2d 324; *State ex rel.* v. *Circuit Court of Huntington County* (1940), 217 Ind. 297, 27 N. E. 2d 79. In this original action the term had expired in which the judgment was entered, the appeal had been determined and the mandate of this court certified to the trial court.

In *State* v. *Smith* (1910), 173 Ind. 388, 390, 90 N. E. 607, Smith on February 11, 1907, had entered a plea of guilty to a gaming charge, upon which on February 19th the court entered a judgment. On July 23, 1908, the trial court suspended the payment of the fine. This court held that this was unauthorized by the statute and said, "It is evident that said statute does not attempt to authorize such courts 'to suspend sentence' and 'parole such persons' after final judgment has been rendered in such case. The order suspending 'sentence' and 'paroling' such person must be entered as a part of the judgment of conviction, and if such order is not then made and entered the court has no authority under said statute to make such. order afterwards. *State* v. *Robbins* (1890), 124 Ind. 308, 24 N. E. 978, 8 L. R. A. 438; *Gray* v. *State* (1886), 107 Ind. 177, 8 N. E. 16. As the order suspending the collection of said fine so long as appellee 'behaves well' was made long after the final judgment of conviction was entered, the same was at least erroneous."

The entries made by the special judge after the affirmance of the judgment by us on appeal are void

and of no effect, and should be stricken from the record. The regular presiding judge should expunge the record of such void and unauthorized entries. *State ex rel.* v. *Circuit Court of Huntington County* (1940), 217 Ind. 297, 304, 305, 27 N. E. 2d 79, *supra.* This rule in no way conflicts with *State ex rel. Harp* v. *Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N. E. 2d 254, in which we prohibited the succeeding judge of the circuit court from interfering with the judgment duly entered by his predecessor.

Section 9-2325, Burns' 1942 Replacement, provides that "On a judgment of affirmance against the defendant, the original judgment must be carried into execution as the court to which the appeal is taken may direct." A stay of execution of the judgment expired when our mandate reached the trial court. By his bail bond it was required that he "abide the order and judgment of the court to which such cause is appealed, and will surrender himself in execution of the judgment if such appeal be affirmed or dismissed." Section 9-2314, Burns' 1942 Replacement. Under §9-2231, the Clerk of the Criminal Court of Lake County is required, without delay, to certify under the seal of the court, a copy of the judgment to the sheriff. By §9-2232, the sheriff is required to convey the convict to the prison and deliver him to the keeper thereof, with a copy of the judgment.

In our alternative writ we ordered the Criminal Court of Lake County, and William J. Murray as the regular judge thereof, to issue to the sheriff a certified copy of the judgment and its order to the sheriff to convey Harrison to the Warden of the Indiana State Prison. The judge, the sheriff and the clerk, when assembled at a time and place ap-

pointed by law for the administration of justice, constitute a court. *State ex rel. Harp* v. *Vanderburgh Circuit Court* (1949), 227 Ind. 353, 361, 85 N. E. 2d 254, *supra.* The members of the court are bound by our writs even though we do not name the sheriff and the clerk as parties. *State ex rel. Spencer* v. *Criminal Court, Marion County* (1938), 214 Ind. 551, 15 N. E. 2d 1020, 16 N. E. 2d 888.

Sections 9-2231 and 9-2232 set out the duties of the clerk in issuing a certified copy of the judgment and delivering it to the sheriff, and the duties of the sheriff in delivering the prisoner to the state prison and the warden thereof. The alternative writ is amended by striking out the provisions requiring Judge Murray to issue a commitment and to order the sheriff to deliver Harrison to the Indiana State Prison, and the writ as amended is now made absolute. The temporary writ of prohibition is made permanent.[2]

Draper, J., not participating.

---

## Opinion on Rehearing

Emmert, J.—The respondents have called our attention to our statement as to the time the Attorney General first objected to the proceedings by which the special judge purported to suspend the sentence. The certified copies of the order book records of the Criminal Court of Lake County (Order Book No. 39, p. 55,

---

2. Under §9-2315, if Harrison, who was released from custody upon a bail bond pending appeal, should fail to comply with the terms of his bond, it would be the duty of the court to issue a warrant for his arrest, but when arrested and brought before the court no additional order would be required for the commitment. Section 9-2231, Burns' 1942 Replacement. For form of the commitment, see Ewbank, Indiana Criminal Law (2d Ed.) §573, p. 569.

December 26, 1952) discloses that "the State of Indiana by its Prosecuting Attorney having refused to participate in the proceedings herein, does not appear, and the defendant now files herein notice of the Attorney General of the State of Indiana and proof of service thereof made on the 4th day of December, 1952 . . ." No appearance or objection was made by the Attorney General at the time the purported suspension of sentence was entered by the special judge.

However, on February 20, 1953, C. Ballard Harrison by counsel filed written objection to the filing, on said date, of a petition by the Attorney General of the State of Indiana to require the respondent Murray, as regular judge, to strike out and expunge from the record the purported judgment by which the special judge pretended to suspend the sentence of imprisonment.

The record brought to our attention does not disclose that the Prosecuting Attorney of Lake County was ever mentioned after the entry of December 26th when he "refused to participate in the proceedings," but this did not waive any rights of the State.

We have already decided that "The entries made by the special judge after the affirmance of the judgment by us on appeal are void and of no effect, and should be stricken from the record." The failure of the preceding Attorney General to appear and resist the suspension of sentence did not make a void entry valid, nor does any statute give the Attorney General authority to waive this question of jurisdiction.

There is no merit to the remaining points presented by the petition for rehearing.

The petition for rehearing is denied.

Draper, J., not participating.

NOTE.—Reported in 112 N. E. 2d 445.

Rehearing denied 113 N. E. 2d 44.