This was an original action in the Supreme Court by the state on relation of Edward Barber praying the court to issue a writ of mandate, commanding and directing the defendants, Thomas W. Hutchinson, sole *Page 85 
judge of the Clay Circuit Court, and Charles E. Harris, Clerk of the Clay Circuit Court, to cause to be entered in the order-book of said circuit court all orders and rulings of the court not theretofore entered pertaining to all motions, petitions and papers filed in said circuit court and all exceptions taken to such rulings in the cause of State of Indiana v. Edward Barber, in which the relator was adjudged guilty of the crime of murder, except as to matters and rulings of the court made during the actual progress of the trial.
And that the defendant, Hutchinson, as such judge, be ordered and commanded to do and perform certain acts and to cause his co-defendant, Harris, as clerk of said Clay Circuit Court, to do and perform certain other acts specifically pointed out, whereby a correct record should be made and duly entered in said order-book of all that transpired in the conduct of said cause.
The petition and exhibits thereto attached were submitted to the Chief Justice of the Supreme Court of Indiana, who, after inspection and consideration of said petition, ordered that the defendants be and appear before the Supreme Court on the ____ day of October, 1924, and show cause, if any there be, why they should not be mandated to do and perform the matters and things mentioned in said petition.
It was further ordered that the clerk of the Supreme Court issue notice, together with a copy of the order, to the sheriff of Clay county, who was required to make due return thereon.
Thereafter, on the return day of the order, the parties appeared, evidence was heard, and the court being advised in the matter, issued a peremptory writ of mandate to the defendants as follows:
Come now the parties and evidence is heard, and the court, being advised, now finds for the relator that he is entitled to relief as hereinafter set out. *Page 86 
It is thereupon ADJUDGED, DECREED AND COMMANDED that a peremptory WRIT OF MANDAMUS issue to the defendant, and that as judge of the Clay Circuit Court, of Clay county, State of Indiana, he be and hereby is directed, ordered and commanded forthwith to cause the records of said court relating to the proceedings in said court on the 5th day of May, 1924, in cause No. 669 of the causes then pending in said court, wherein the State of Indiana was plaintiff and the relator herein, Edward Barber was defendant, to be so amended and corrected that said record shall be made to recite that upon the overruling of the motion for a change of venue from the judge, as filed by said defendant Barber, the said defendant excepted to such ruling.
And that forthwith he also, as judge of said Clay Circuit Court, shall cause the said record of the proceedings in said action in said court on the 15th day of July, 1924, to be so amended and corrected as to recite that one hundred and ninety (190) days from that date are allowed in which to present and file all bills of exceptions.
And that forthwith he also, as such judge, shall certify and sign each of the bills of exceptions numbered one (1), two (2), three (3), four (4), and five (5), respectively, as prepared and presented to him by the attorneys for said defendant, and shall cause the same to be filed with the clerk of said Clay Circuit Court.
And that forthwith he also, as such judge, shall certify and sign a bill of exceptions containing the evidence introduced, and also that which was offered and excluded at the trial of said action, noting that exceptions were taken wherever the official reporter's notes show that to be the fact, and shall cause to be set out therein, as part of the evidence given, copies of all exhibits introduced in evidence, and, as part of the evidence *Page 87 
excluded, copies of all exhibits offered to be introduced in evidence and excluded, together with a recital of what was said by the attorneys in making offers and objections, and by the court in ruling thereon, as taken down at the time by the official reporter.
And that forthwith, he also, as such judge, shall cause to be entered of record in the order-books of his court entries reciting the action of the court as the same occurred on each day that said cause was pending therein.
And that he cause the clerk of said court to make out and certify a transcript of said record for an appeal to the Supreme Court of Indiana, which it is hereby commanded the said clerk shall do without delay.
And that, as such judge, he receive and act upon the petition of said defendant for leave to appeal to the Supreme Court as a poor person.