BLANKENBAKER *v.* STATE OF INDIANA.

[No. 24,825. Filed May 15, 1929.]

*White, Wright & McKay, Miller, Bieler & Causey, Henry W. Moore, Walter Brewer, Albert R. Owens, Charles C. Whitlock* and *Harold A. Henderson,* for appellant.

*Arthur L. Gilliom,* Attorney-General, for the State.

PER CURIAM.—The appellant was convicted of direct contempt of court and fined in the sum of $100, and ordered imprisoned for a period of 30 days on the Indiana State Farm. From this judgment he appealed.

The record shows that on June 27, 1924, in the Clay

Circuit Court of Clay County, Indiana, the following proceedings were had before the Honorable Thomas W. Hutchison, sole judge of said court:

"In the Matter of the Contempt Proceedings No. 686 Against Felix Blankenbaker. CONTEMPT OF COURT.

"Felix Blankenbaker, the accused, being present in court, the clerk thereof, by the direction of the judge, read to him a statement by the judge, charging him with direct contempt of court, which statement by the court, and the statement of his defense by said Felix Blankenbaker, are as follows:

"State of Indiana, County of Clay—ss:

"In the Matter of the contempt proceedings against Felix Blankenbaker.

### Charges.

"The said Felix Blankenbaker, being present in court, the court makes the following statement of the contempt of court of which the accused is now and has been guilty:

"That he filed in the Clay Circuit Court of Indiana, on the 13th day of June, 1924, a motion for a new trial in the case of the State of Indiana against Edward Barber, Cause No. 669 of said court, containing certain false, willful, malicious, impertinent, scandalous, insulting, and contemptuous language, charges and insinuations and libels, not inuring in any way for the benefit of said defendant, the record disclosing and affirmatively showing that no proper objection was made at the time of such incidents, or exception reserved for the purpose of reviewing the same; but the same being inserted in said motion for a new trial for the sole and only purpose of belittling and injuring the dignity of the court, insulting the judge thereof, and to vent the feelings of a spiteful and malicious heart.

"The said language constituting such offense is as follows:

"'Fifth: The court erred in announcing from the bench, when a motion for continuance was filed in said cause, that defendant would not be given time to prepare his defense in said cause, as threats were being made to tear down the jail and release the defendant, and that an extra guard had to be employed to guard the defendant, at the expense of the county.

"'Sixth: The court erred in fixing the time for the defendant to be tried on the 5th day of May, the first day of the May term, in this to wit: That said motion for continuance was filed on the —— day of April, 1924, and that in said motion was shown to the court that defendant's counsel would be required to go to St. Louis, Missouri, and make an investigation and find witnesses' names and addresses and arrange to take depositions of witnesses, after an investigation, and that notice would be required to be given to the state; that the court sustained motion for continuance on the —— day of April, 1924, and set the time for trial for May 5, 1924, allowing only a period of nine days to elapse, which was not a reasonable time to get ready, and which made it impossible for defendant to prepare his defense and get his evidence.

"'Tenth: The court erred in demonstrating his bias and prejudice against defendant by announcing to the jury that he knew enough outside of the record to send the defendant to the electric-chair, which statement was false and untrue, and showed the biased mind of the court in trying said cause.

"'Eleventh: The court erred in interrogating jurors by requiring them to state that they would inflict the death penalty as readily as they would life imprisonment.

"'Twelfth: The court erred in requiring each juror

to state that he would not shrink from assessing the death penalty any more than he would hesitate to assess a life sentence in this case.

"'Fourteenth: The court erred in demanding the sheriff to bring the defendant into court before the jury without giving him an opportunity to get shaved or fully dressed.

"'Fifteenth: The court erred in producing defendant, over defendant's objection, into open court before the jury with several weeks' growth of beard on his face, in tatters and rags and almost barefooted.

"'Sixteenth: The court erred in refusing defendant to file an amended special plea of insanity, before the jury was sworn to try the cause.

"'Eighteenth: The court erred in stating in open court that he had observed defendant, had had him in court to plead, and had noticed him in the court room and his eyes looked all right, and he therefore pronounced him to be of sound mind.

"'Twentieth: The court erred in striking out parts of witness Rothmeir's evidence after defendant had rested, and the court was informed that the witness had left the state.

"'Twenty-first: The court erred in ruling on State's motion to strike out the testimony of John Rothmeir for leaving the state. In saying in the presence of the jury that it was not the law that he could do that, but that Wigmore, the greatest authority on evidence, said it ought to be, and immediately proceeded to strike it out.

"'Twenty-second: The court erred in refusing to try defendant in the same manner as though the indictment had been returned in the Clay Circuit Court.

"'Twenty-third: The court erred in refusing to permit defendant to inquire of prospective jurors whether or not they belonged to any secret organization, for the purpose of exercising a peremptory challenge.

" 'Twenty-fourth: The court erred in not making an order that Fred Tosser, who was confined in the State Prison at Michigan City, be produced in court to testify on behalf of defendant; his evidence was very material.

" 'Twenty-fifth: The court erred in not giving defendant an opportunity to get an order from court to produce Mike Murphy, who was confined in prison at Michigan City, in court to testify for defendant.

" 'Thirtieth: The court erred in not appointing a local attorney of the Clay County Bar to assist in his defense.'

"Whereupon the said Felix Blankenbaker and the said Hon. Thomas W. Hutchison, sole judge of said court had the following conversation, to wit:

Statement of Mr. Blankenbaker.

"Mr. Blankenbaker: 'I want to take exceptions to the court ordering this part of the motion read, and want to inquire what is the nature of this proceeding.'

"Judge: 'I said the paper will speak for itself and you now have an opportunity to make a statement.'

"Mr. Blankenbaker: 'Is there a charge filed here against me? If there is, I want an opportunity to answer.'

"Judge: 'The statement was read to you and was made out according to law, and the reporter is here to take down whatever statement you have to make.'

"Mr. Blankenbaker: 'I will state to the court that if there has been a charge filed against me here for indirect contempt of court I am ready to meet the charge, and that in reference to this part of this motion that has been read by the clerk to the audience—'

"Judge: 'That is the statement of the court, read by the clerk at the direction of the court.'

"Mr. Blankenbaker: '—that I am asking that these charges be reduced to writing and that I be furnished a copy of the same and given an opportunity to file an-

swer. And I want to further state that this motion for a new trial that has been filed here, if the time comes during the progress of this case, that it becomes necessary to file a bill of exceptions, that I expect to present a bill of exceptions, embodying each error set out in the motion, and I expect the judge of this court to sign the bill of exceptions even though it becomes necessary to appeal to the Supreme Court to get it done. If I am to be charged here with any offense by this court, I expect the court to make his record and give me an exception to his ruling, and give me a trial and an opportunity to appeal my case.'

"After which the Hon. Thomas W. Hutchison, sole judge of said court, pronounced the following judgment, to wit:

"And now the court, having listened to the reading of said charges of contempt, and to the statement of the accused in his own defense, and being sufficiently advised in the premises, finds the accused guilty of direct contempt of this court, as set out in the statement of the court above; that the statements contained in said motion for a new trial were made by the said Felix Blankenbaker, that they were false, willful, malicious, impertinent, scandalous, insulting, libelous, irrelevant, scurrilous, and serve no legal purpose in said motion; that they in no way inure to the benefit of said defendant, Edward Barber, as the record discloses affirmatively and truly that no objection whatever was made at the time of such incidents, nor any exception reserved at any time for the purpose of having the same reviewed by the appellate court on behalf of said Edward Barber, in determining whether any error had been committed by the trial court, and any error contained therein, if the facts were true, had been waived; that said contemptuous language had been inserted in said motion for a new trial by said Felix Blankenbaker for the sole and only purpose of belittling

and injuring the dignity of the court, insulting the judge thereof, outraging the majesty of the law, and giving vent to the feelings of a spiteful and malicious heart; that the statement of said pretended defense of said Felix Blankenbaker is a mere reiteration of the false and contemptuous conduct and language of the accused, with the assertion of the right to make the same, and itself constitutes direct contempt of court by belittling the authority of the court and the dignity of the law, and calculated to bring and which does bring the authority of the court into disrepute.

"It is therefore considered, ordered and adjudged by the court that the said Felix Blankenbaker, as punishment for the offense committed against the majesty of the law and the dignity of the court, be and he is hereby fined in the sum of one hundred ($100.00) dollars, and, in addition thereto, he is further ordered imprisoned for a period of thirty (30) days and that he be confined during said imprisonment, on the Indiana State Farm, as directed by law. To which sentence the defendant, Felix Blankenbaker, at the time excepts.

"And now the defendant moves the court for leave to file a certified [verified] answer, which answer is filed by the clerk of this court and is in the words and figures as follows, to wit:

"State of Indiana, County of Clay—ss:

"In the Clay Circuit Court, May Term, 1924.

"In the Matter of the Contempt Proceedings against Felix Blankenbaker.

"Felix Blankenbaker, after having been presented with a copy of the charges against him, and after having consulted attorneys, presents and files this as his answer to the charges against him.

"Felix Blankenbaker says that the motion for a new trial filed in the case of *State of Indiana* v. *Edward Barber*,

contains, as he remembers and understands the facts, a correct statement, in so far as it goes, of the record and proceedings in said cause; that if there is any fact or circumstance set out in said motion which is incorrect in whole or in part, he will, upon the fact being pointed out, withdraw same and apologize to the court; that the matters and things set forth in said motion for a new trial do not, as the defendant understands it, constitute direct contempt, or contempt of any kind, and was not so intended."

This answer of defendant was filed June 27, 1924, and the record shows further as follows: "And the court having considered same and being sufficiently advised in the premises overruled the application as coming too late and because issues have already been closed by defendant's answer, and the application is a departure from proper practice, and the answer is insufficient and in itself constitutes contempt of court, to which ruling of the court, the defendant at the time excepts.

"And now defendant files a motion for a new trial as follows:

"State of Indiana, County of Clay—ss:
"In the Clay Circuit Court, May Term, 1924.
"In the Matter of Contempt Proceedings against Felix Blankenbaker.

"Comes now Felix Blankenbaker and moves the court to reconsider its opinion and judgment, in above cause, upon the facts and moves the court for a rescission of its judgment in this cause; and moves the court for a new trial in said cause for the reason, first, the decision of the court is not sustained by the evidence; second, the decision is contrary to law.

"And afterwards, to wit, at the court-house in said county, on Saturday June 28th, 1924, the following pro-

ceedings were had before the Hon. Thomas W. Hutchison, sole judge:

"Comes now the defendant by counsel, and the court overrules the defendant's motion for a new trial, to which ruling the defendant at the time excepts, and defendant now asks time to file bills of exceptions and ninety (90) days are given in which to file said bills of exceptions.

"And now the defendant prays an appeal of said cause to the Supreme Court of Indiana, which prayer is granted."

The defendant filed an appeal bond, which was approved, and execution of sentence stayed during the pendency of the appeal. On the 23rd day of August, 1924, the appellant tendered his bill of exceptions No. 1, which was approved and signed by the court and filed and made a part of the record. And on the same day he tendered his bill of exceptions No. 2, which was approved and signed by the court. The errors relied on for reversal are: The court erred in overruling appellant's motion for a new trial, and the court erred in refusing to rescind its judgment.

An examination of the record shows that the facts stated in this case as contempt of court do not show any direct contempt of court and there is no evidence or statement in the record showing why the making of a motion for a new trial was in contempt of court.

Every person who shall, by the commission of any felony, misdemeanor, or other unlawful act, or who by talking; moving about, or by signs or gestures, or in any other manner in any court of record, while the same is open for the transaction of business, and engaged therein, creates any noise or confusion therein, whereby the business and proceedings of said court shall be disturbed, shall be deemed to be guilty of a direct contempt of said court. §1076 Burns 1926.

Section 1082 Burns 1926 provides for trial for a direct contempt of court. This section provides that when a person shall be arraigned for direct contempt in any court of record of this state, no affidavit, charge in writing, or complaint shall be required to be filed against him, but the court shall distinctly state the act, words, signs or gestures, or other conduct, of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing, either by the judge making it or by some reporter authorized by him to take it down when made; and the same shall be substantially set forth in the order of the court on the same, together with any statement. made in explanation, extenuation or denial thereof, which the defendant may make in response thereto; and the court shall thereupon pronounce judgment, either acquitting and discharging the defendant or inflicting such punishment upon him as may be consistent with the provisions of this act; and if found guilty, the defendant shall have a right to except to the opinion and judgment of the court. And in all cases where the defendant may be adjudged to pay a fine of $50 or more, or to be imprisoned for such contempt, he shall have a right, either before or after the payment of such fine or undergoing such imprisonment, to move the court to reconsider its opinion and judgment of the case, upon the facts before it, or upon the affidavits of any or all persons who were actually present and heard or saw the conduct alleged to have constituted such contempt; and, if the defendant shall fail to present the affidavit of every person present, in support of his motion, the court may direct the affidavits of all such persons as were so present to be procured; and upon all such affidavits and the original statements of the court and himself touching such contempt, the defendant may move the court for a new trial and rescission of its judgment against him; and, if the court shall thereupon overrule such motion,

the defendant may except and file a bill of exceptions, as in other criminal actions; and in all cases an appeal shall lie thereupon to the Supreme Court; or in case such judgment shall have been rendered in any special term of any superior court, an appeal shall lie in the first instance to the general term thereof, and thence, as in other cases, to the Supreme Court.

In cases of direct contempt, the Supreme Court will accept as true the statement entered of record by the lower court of the matter constituting the contempt. *Holman* v. *State* (1886), 105 Ind. 513, 5 N. E. 556; *Mahoney* v. *State* (1904), 33 Ind. App. 655, 72 N. E. 151, 104 Am. St. 276.

It will, therefore, be presumed that the statement filed in this case as provided by §1082 Burns 1926, contains all of the facts upon which the conviction for contempt was had.

In *Ex parte Davies* (1903), 73 Ark. 358, 84 S. W. 633, in discussing that subject, the court said: "When a judgment of that kind is entered against an offender, the statement in the record must be taken in a proceeding of this kind as absolutely true and we cannot interfere unless it clearly appears that the judgment is wrong. We therefore indulge the conclusive presumption that the learned chancellor recited in his judgment all of the facts constituting the alleged contempt of court, and, as the face of the judgment does not disclose any finding that the petitioner's manner in presenting his motion was discourteous or disrespectful to the court, or that he was guilty of any contemptuous conduct, unless the presentation of the motion be found, in itself, to constitute contempt, we presume that there was no objectionable conduct other than the mere filing of the motion." See, also, *Tracy* v. *State* (1906), 28 Ohio Cir. Ct. Rep. 453.

The record in this case shows no evidence that the

appellant did any act that obstructed or interfered with the proceedings of the court, or in any manner violated the provisions of §1076 Burns 1926.

The contempt charge against the appellant herein was based wholly upon certain reasons set out in a motion for a new trial, which had been filed in the court in a case pending therein 11 days prior to said time, which had not been stricken from the files at the time appellant was charged by the court with contempt. The court heard the argument on the motion for a new trial, and after the argument singled out the appellant from the counsel representing the defendant in that cause and charged him with doing certain acts which the court charged were a direct contempt. The record does not show that the appellant herein filed the motion for a new trial in the case of *State* v. *Barber*, Cause No. 669, the filing of which the court held to be in direct contempt of court. The record does not show that the appellant prepared and signed the motion for a new trial filed in the case of *State* v. *Barber*, Cause No. 669 of said court, containing certain reasons which the court held were a direct contempt of court.

Any attorney for any person charged with crime in any court after the finding of guilty, acting in good faith, has the legal right to prepare and set out any reasons for a new trial, which he, as an attorney, believes prejudiced the defendant in the trial of the cause.

The only way in which the rights of a defendant who has been convicted in a trial can be preserved and the doings of the trial court passed upon by a court of review is by assigning such acts of the court as are desired to be reviewed as reasons in a motion for a new trial filed in the trial court. There is no evidence to show that any of the reasons contained in the motion for a new trial and which were objectionable to the judge contained any false, unlawful, malicious, impertinent, scandalous, in-

solent charges. And there was no evidence to show that the reasons set out in the motion for a new trial and which were objectionable to the judge would not inure to the benefit of the defendant.

This court takes judicial notice of its own records, and such records show that, in the matter of the trial of the State v. Barber, Cause No. 669 in the Clay Circuit Court, in an original action in the Supreme Court, by the State, State, ex rel., v. Hutchison, Judge (1924), 197 Ind. 84, 145 N. E. 923, praying the court to issue a mandate commanding and directing the said judge, Honorable Thomas W. Hutchison, sole judge of the Clay Circuit Court, and Charles E. Harris, clerk of the Clay Circuit Court, to cause to be entered in the order book of said circuit court all orders and rulings of the court not theretofore entered pertaining to all motions, petitions and papers filed in said court, and all exceptions taken to such rulings in the cause of the State of Indiana v. Edward Barber, in which the relator was adjudged guilty of the crime of murder, except as to matters and rulings of the court made during the actual progress of the trial. The petitioner's exhibits were submitted to the chief justice of the Supreme Court of Indiana, who ordered that defendants be and appear before the Supreme Court of Indiana on the —— day of October, 1924, and show cause why they should not be mandated to do and perform the matters and things mentioned in said petition; and on the return day of the order, the parties appeared and evidence was heard and the court, being advised in the matter, issued the mandate to the court as follows:

"Come now the parties and evidence is heard, and the court, being advised, now finds for the relator that he is entitled to relief as hereinafter set out. It is thereupon ADJUDGED, DECREED, AND COMMANDED that a peremptory WRIT OF MANDAMUS issue to the de-

fendant, and that as judge of the Clay Circuit Court, of Clay County, State of Indiana, he be and hereby is directed, ordered and commanded forthwith to cause the records of said court relating to the proceedings in said court on the 5th day of May, 1924, in cause No. 669 of the causes then pending in said court, wherein the State of Indiana was plaintiff and the relator herein, Edward Barber, was defendant, to be so amended and corrected that said record shall be made to recite that, upon the overruling of the motion for a change of venue from the judge, as filed by said defendant, Barber, the said defendant, excepted to such ruling.

"And that forthwith he also, as judge of said Clay Circuit Court, shall cause the said record of the proceedings in said action in said court on the 15th day of July, 1924, to be so amended and corrected as to recite that one hundred and ninety (190) days from that date are allowed in which to present and file all bills of exceptions.

"And that forthwith he also, as such judge, shall certify and sign each of the bills of exceptions numbered one (1), two (2), three (3), four (4), and five (5) respectively, as prepared and presented to him by the attorneys for said defendant, and shall cause the same to be filed with the clerk of said Clay Circuit Court.

"And that forthwith he also, as such judge, shall certify and sign a bill of exceptions containing the evidence introduced, and also that which was offered and excluded at the trial of said action, noting that exceptions were taken wherever the official reporter's notes show that to be the fact, and shall cause to be set out therein, as part of the evidence given, copies of all exhibits introduced in evidence, and, as part of the evidence excluded, copies of all exhibits offered to be introduced in evidence and excluded, together with a recital of what was said by the attorneys in making offers

and objections, and by the court in ruling thereon, as taken down at the time by the official reporter.

"And that forthwith, he also, as such judge, shall cause to be entered of record in the order-books of his court entries reciting the action of the court as the same occurred on each day that said cause was pending therein.

"And that he cause the clerk of said court to make out and certify a transcript of said record for an appeal to the Supreme Court of Indiana, which it is hereby commanded the said clerk shall do without delay.

"And that, as such judge, he receive and act upon the petition of said defendant for leave to appeal to the Supreme Court as a poor person," etc.

It further appears from the records of this court that an appeal was taken in the case of *State of Indiana* v. *Edward Barber*, Cause No. 669 in the Clay Circuit Court, and the bill of exceptions as ordered by the mandate of this court was filed.

The record discloses that the judge of the Clay Circuit Court found appellant guilty of direct contempt of court on the 27th day of June, 1924. The appellant had been counsel for the defense in a murder case, *State of Indiana* v. *Edward Barber*, Cause No. 669 of the Clay Circuit Court, and said Barber had been sentenced to death. The record shows that appellant, together with other counsel, filed a motion for a new trial on behalf of said Barber, that the motion for a new trial was argued before the judge of the Clay Circuit Court, June 27, 1924, and that the appellant had been present in the court room but had not participated in the argument. The filing of the motion for a new trial in the Barber case was necessary to protect the rights of the defendant in that case, and it may be noted that, after the judge of the Clay Circuit Court had been required to sign a bill of exceptions showing the facts necessary to be shown to present the alleged errors of the trial court, such bill of exceptions

was filed in the trial court, and, on appeal, this court reversed the judgment in said case of *Barber* v. *State*, and. gave as a reason for such reversal that the trial court erred in overruling such motion for a new trial. *Barber* v. *State* (1925), 197 Ind. 88, 149 N. E. 896.

The statement filed by the judge under the provisions of §1082 Burns 1926 recites the facts constituting the alleged contempt of court, and from such statement it appears that the appellant in this case was charged with being in contempt of court because he joined in the filing of the motion for a new trial, as alleged in said statement of facts, but it does not disclose that the appellant was discourteous or disrespectful to the court or that he was guilty of any contemptuous conduct in his actions and manners at the time. It will therefore be presumed that there was no objectionable conduct by defendant at the time of the filing of the motion.

Members of the bar cannot be punished for contempt for presenting a motion for a new trial when they act in good faith and in the interest of their clients, and the filing of the motion is necessary to protect the rights of their clients in the cause. It was therefore not contempt of court to file the motion.

When there is no legal evidence to sustain a conviction for contempt, the conviction is contrary to law. *In re Watts* (1903), 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933.

The judgment is reversed, with directions to the judge to rescind said judgment and discharge the defendant.