DREW, Justice.
An infant child was adjudged dependent within the meaning of Chapter 39 Florida Statutes 1953, F.S.A. by the Juvenile and Domestic Relations Court Judge of Dade County, Florida on March 11, 1955 and committed temporarily to the Children’s Home Society of Florida, a licensed child placing agency. The commitment order retained jurisdiction to make such orders for the welfare of the child as might be found necessary. See Sec. 39.11(2), Florida Statutes 1953, F.S.A.
The Society placed the child with the appellants as their agents and employees and paid appellants for taking care of the said child. During the month of December, 1956, the Society removed the child from appellants’ custody. Shortly thereafter appellants filed a petition for adoption of said child in the Circuit Court of Dade County naming therein the Children’s Home Society as the sole defend *196 ant. On motion to dismiss made by the Society and upon consideration of the petition and the sworn answer and exhibits, the Circuit Judge dismissed the petition. It is from this order that this appeal has been prosecuted.
The Circuit Judge gave three reasons for dismissing the petition. First, he said that the Juvenile and Domestic Relations Court of Dade County has the “sole, exclusive jurisdiction of the dependent infant.” Second, he held “plaintiffs are not in position to invoke the jurisdiction of this Court over said child or over said Petition for Adoption,” and third, “that this Court is without jurisdiction to entertain said Petition for Adoption.” The first and third reasons of the learned trial judge present the same question, that is, whether the Circuit Court, in view of the prior order of the Juvenile and Domestic Relations Court of said County committing the child temporarily to the Children’s Home Society, had jurisdiction in a suit for the adoption of this infant. The other question is whether the petitioners seeking adoption were barred from maintaining the action because of the agency relationship between them and the child placement agency.
The appellants are not prohibited from seeking the adoption of the child merely because they were the agents of the Children’s Home Society during the period the child was in their custody. There is nothing in the adoption statute itself which creates such a disability, and the cases cited by appellee which hold that an agent cannot, without his principal’s consent, acquire an interest in the subject matter of the agency adverse to the principal, are wholly inapplicable to the facts here. Whether a contractual agreement prohibiting adoption in situations such as that involved in this case would be enforceable is not raised here and, therefore, requires no further comment on our part.
Chapter 39 applies to the Juvenile and Domestic Relations Court of Dade County, but protects any expanded jurisdiction and certain other matters not relevant to the case at bar conferred on that court by other statutes. See Secs. 39.-02(7); 39.181; and Chapter 26880, Sec. 3, Laws of Florida 1951, F.S.A. § 39.01 note. The acts which apply to the Juvenile and Domestic Relations Court of Dade County (Chapter 19597, Laws of 1939; Chapter 21094, Laws of 1941; and Chapter 27000, Laws of 1951) purport to give that court concurrent jurisdiction with circuit courts over adoption. Appellants assert that Article III, Sec. 20 of the Florida Constitution, F.S.A. prohibits the legislative grant of adoption jurisdiction by the above “population” acts, and cite State ex rel. York v. Beckham, 1948, 160 Fla. 810, 811, 36 So.2d 769 as authority.[1] The assertion is irrelevant to the immediate case, because the record does not reveal any attempt by the Juvenile and Domestic Relations Court to exercise adoption jurisdiction. For this reason we will not decide the constitutional question.
The disposition of the jurisdictional question does not require us to consider the intricate problems of conflicts in jurisdiction which were presented to and decided by us in State ex rel. Hendricks v. Hunt, Fla.1954, 70 So.2d 301 and State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645; and which are discussed in the Annotations in 11 A.L.R. 147, 78 A.L.R. 317 and 146 A.L.R. 1153. The Hendricks and Watson cases, supra, involved the determination of whether a juvenile court had jurisdiction to enter orders affecting the custody of children, since a circuit court had previously retained jurisdiction after making orders concerning custody of the children in connection with divorce actions. In each case two courts attempted to award custody of the same children, which resulted in a direct conflict.[2] In *197 the case at bar, the statute clearly contemplates and provides for the preparation of a child for adoption subsequent to an adjudication of dependency. This wise provision does not conflict with a timely consideration of an adoption petition concerning the same child, but is complementary thereto.
Obviously under both Chapter 39 and Chapter 72 Florida Statutes, F.S.A.,[3] the respective courts must deal with the status of a child, and often, as here, the same child. The relevant portions of Chapter 39 have as their purpose:
“to assure to children the care, guidance and control, preferably in each child’s own home, which will conduce to the child’s welfare and the best interests of the state; to assure that a child removed from the control of the child’s parent shall receive care, custody, and discipline as nearly as possible equivalent to that which should have been given to the child by the parent, and in all cases where a child must be permanently removed from the custody of the parents of the child, that the child be placed in an approved family home and be made a member of the family by adoption.” Sec. 39.20.
We indulge the presumption, as we must, that the Juvenile and Domestic Relations Court Judge will perform his duties as contemplated trader Chapter 39 to prepare a child for adoption, and there is nothing in this record which would negative such an assumption. We glean from the record that the child was being prepared for adoption but that medical care and attention were necessary to correct an apparent retardation in the child’s development before a permanent order of commitment was entered.
It is obvious from a study of the statutes above mentioned that their effective operation and administration in cases like this require cooperation and coordination of the work of the judges administering these vital matters. While there is no doubt .of the jurisdiction of the circuit court over adoption, great caution should be observed by a circuit judge, .in the exercise of that jurisdiction to see that there is no conflict between his court and that of the juvenile court with respect to dependent children. As a general rule where a juvenile court has assumed jurisdiction over a dependent child as in the case at bar, a circuit court judge, although he may have the power to do so, should not entertain a petition for adoption of such child until the juvenile court has-made a permanent commitment of the child to a licensed placement agency pursuant to Sec. 39.11, or otherwise relinquished jurisdiction.
The circuit court was in error in holding it did not have jurisdiction, but the result reached in dismissing the petition was free from error and evidenced the exercise of a sound discretion.
Affirmed.
HOBSON, Acting Chief Justice, and THORNAL and O’CONNELL, JJ., and WIGGINTON, District Judge, concur.

. But see, In re Rouse, Fla.1953, 66 So.2d 42.

. While custody in a generic sense, or at least, the right to custody of infants is *197 necessarily an element involved in and. which flows from adoption proceedings, custody cases ordinarily have nothing to do with the question of adoption and may arise out of a great variety of circumstances and types of litigation in courts of varying jurisdictions. Moreover, custody is a transient and impermanent thing and may be changed, by its very nature, from time to time. It would be difficult to imagine a custody order in itself having any great degree o'f finality.

. Chapter 72 provides generally for adoption, and in Sec. 72.08 places exclusive jurisdiction in the circuit court “in all matters of adoption.”