CARROLL, DONALD K., Chief Judge.
In a suit for temporary alimony unconnected with divorce and for temporary custody of her two minor children, the plaintiff has appealed from an order entered by the Circuit Court for Levy County holding that the Juvenile Court of that county had jurisdiction of the said children.
This order was based upon the fact that the said Juvenile Court more than a year previously had declared that the said minors were dependent children under Section 39.-01, Florida Statutes, F.S.A., and placed them in the custody of their father, the defendant in the present proceedings. The Circuit Court in the order appealed from, after reciting the foregoing fact, held that jurisdiction of the said children “should remain” and “shall remain” with the said Juvenile Court.
The defendant in both his answer and his counterclaim raises this issue of lack of jurisdiction in the Circuit Court over the persons of the said children and further alleges *666 in his answer that there has been no change in the circumstances of the parties that would warrant a change or modification of the Juvenile Court’s awarding to him of the custody of the children.
In our opinion, the instant case is governed by the decision of the Supreme Court of Florida in Ponce v. Children’s Home Society of Florida, 97 So.2d 194 (1957), involving an analogous situation. In that case a husband and wife, in whose home a dependent child had been placed for care by a child placement agency, filed a petition in the circuit court to adopt the child. A juvenile court of the county in question had adjudged the child to be dependent pursuant to Chapter 39, Florida Statutes, F.S.A., and had temporarily committed the infant to the child placing agency. The circuit court dismissed the petition, which holding was upheld by the Supreme Court upon the following reasoning:
“It is obvious from a study of the statutes above mentioned that their effective operation and administration in cases like this require cooperation and coordination of the work of the judges administering these vital matters. While there is no doubt of the jurisdiction of the circuit court over adoption, great caution should be observed by a circuit judge in the exercise of that jurisdiction to see that there is no conflict between his court and that of the juvenile court with respect to dependent children. As a general rule where a juvenile court has assumed jurisdiction over a dependent child as in the case at bar, a circuit judge, although he may have the power to do so, should not entertain a petition for adoption of such child until the juvenile court has made a permanent commitment of the child to a licensed placement agency pursuant to Sec. 39.11, or otherwise relinquished jurisdiction.
“The circuit court was in error in holding it did not have jurisdiction, but the result reached in dismissing the petition was free from error and evidenced the exercise of a sound discretion.”
We think the same reasoning is applicable and decisive in the case before us on this appeal.
The constitutional and statutory provisions involved, in the determination of the present appeal are: Section 6(3) of Article V of the Florida Constitution, F.S.A. provides : “The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on juvenile courts * Section 12 of the same article grants to the legislature the authority to establish juvenile courts and define the jurisdiction and powers of such courts. Pursuant to that authority the legislature enacted Chapter 39, Florida Statutes, F.S.A., providing for juvenile courts. Section 39.02 thereof endows the juvenile court with “exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is established. * * *” In Section 65.14, Florida Statutes, F.S.A., circuit courts are empowered in suits for divorce or alimony to make orders “touching the care, custody and maintenance of the children of the marriage * *
Upon the authority of the decision in Ponce v. Children’s Home Society, supra, and our consideration of the above constitutional and statutory provisions, we think that the Circuit Court was eminently correct in holding that jurisdiction of the parties’ children remains in the said Juvenile Court. The order appealed from, therefore,, must be and it is
Affirmed.
STURGIS and RAWLS, JJ., concur.