. PER CURIAM.
Relatrix, Wanda L. Jannoni, mother and legal guardian of Jon Lawrence Jannoni, a minor, filed a suggestion for writ of prohibition to this court to command the Honorable D. A. Yergey, as Judge of the Juvenile Court of Orange County, to desist from further proceedings on petition of John Joseph Jannoni for custody of said minor child.
On October 10, 1961, a decree nisi of divorce was entered in the Probate Court of Barnstable County, Massachusetts, whereby Wanda L. Jannoni was granted a divorce from John Joseph Jannoni. Wanda L. Jannoni was awarded custody of the minor child involved here, Jon Lawrence Jannoni, and two other minor children. Relatrix is now a resident of Orange County, Florida, and respondent, John Joseph Jannoni, is a resident of Massachusetts.
On April 29, 1965, upon relatrix’s petition the Juvenile Court for Orange County declared the minor child to be a dependent child and ordered him placed in the temporary care of the Orange County Parental Plome in order to receive psychiatric treatment. On June 29, 1965, relatrix filed a petition under F.S.A. Chapter 88, Uniform Reciprocal Enforcement of Support of Dependents, to require respondent to furnish support for their three children in her custody in accordance with the Massachusetts divorce decree, alleging that respondent had refused to make said payments although financially able to do so.
On March 9, 1966, John Joseph Jannoni filed a petition in the Juvenile Court for Orange County asking that the court enter an order awarding the custody of the minor here involved to respondent.
Wanda L. Jannoni filed a motion to dismiss. At a hearing before the juvenile court on April 12, 1966, the court denied the motion to dismiss respondent’s petition. Relatrix then filed this suggestion for writ of prohibition to the effect that the juvenile court is acting in excess of the jurisdiction specifically granted to it under F.S.A. § 39.11. A rule nisi was- issued by this court, and the cause comes on for final disposition on respondent’s motion to dismiss the suggestion for the writ of prohibition and response to the order to show cause.
Relatrix’s contention is that the possible awarding of custody of the minor child by the juvenile court to an out-of-state resident would be of a permanent nature since the Florida court would no longer have jurisdiction once the respondent removes the child from the state. Relatrix correctly argues that F.S.A. § 39.11 gives the juvenile court authority to permanently commit a child only to a licensed child placing agency and cannot otherwise permanently sever parental rights. F.S.A. § 39.11(1) (d). See 1960 Op.Atty.Gen., 060-2, January 7, 1960.
We cannot agree with the relatrix’s contention that if the juvenile court awarded respondent custody of the minor child and then the respondent removed the child from the jurisdiction of the court, either with or without the authority of the court, that the effect of the court’s order awarding respondent custody would be a permanent severance of parental rights.
It must be remembered that prohibition is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping jurisdiction with which it has not been invested by law. It issues only when the party seeking it is without other adequate means of redress. Prohibition should not become a vehicle for the determination of questions involving the correct or incorrect decision from another court in matters in which the court has jurisdiction to act. The writ does not lie to correct errors of a court which is acting within its jurisdiction although it is proceeding improperly in the exercise of that jurisdiction. State ex rel. Paluska v. White, Fla.App.1964, 162 So.2d 697. Admittedly here, the juvenile court had jurisdiction to adjudicate the child, a dependent child, as was done. Likewise, after such an *835 adjudication the juvenile court has the statutory delegated authority to: (a) place the child under supervision of its counselor in its own home or in the home of a relative or other suitable place; (b) commit the child to a detention home or to a licensed child caring institution; (c) commit the child to an industrial school; (d) permanently commit the child to a licensed child placing agency or the State Department of Public Welfare for subsequent adoption under certain circumstances delineated in the statutes and provided certain special requirements are met as provided in the statutes; and (e) order the parents or guardian to pay support and maintenance of the child. A permanent commitment under (d), supra, is the only order which permanently deprives the parents of all rights to the child, and any order made pursuant to (a) or (b), supra, may thereafter be modified or set aside by the juvenile court and the court may at any time enter an order ending its jurisdiction over any child. F.S.A. § 39.11.
The petition of John Joseph Jannoni merely prays that the court will enter an order awarding the custody of the minor child to him. The motion to dismiss that petition apparently endeavored to limit the scope of any future order entered by the court on the petition by endeavoring to require the court to make a determination in advance of hearing on the merits that any order awarding custody to Mr. Jannoni, the child’s father, a nonresident, would be tantamount to permanently depriving Mrs. Jannoni, the mother, of the custody of the child.
We know of no rule or principle of law which would require the court to advise the parties that the court would not in the exercise of its admitted jurisdiction in the future enter any order which exceeded its jurisdiction.
The denial of the motion to dismiss cannot be construed as an indication that the court intends in the future to exceed its jurisdiction. ■ The petition does not by its terms seek any permanent commitment of the custody of the child. This record does not support the conclusion that the juvenile court is about to act in excess of its jurisdiction unless prevented by prohibition.
Respondent urges that the writ should not issue because the relatrix would have an adequate remedy on appeal, and in reply relatrix points to F.S.A. § 39.14(6), and states that that section prohibits super-sedeas on appeal and therefore this nonresident father could obtain an order for custody which could not be superseded, depart from the state and even if the order were reversed, it could not be enforced against the nonresident.
We do not so construe that statute. Although awkwardly stated the effect of that statute is to first provide that on appeal every permanent order of commitment for subsequent adoption is suspended while the appeal is pending, and as to all other orders the taking of an appeal does not operate as a supersedeas.
This construction of the statute leaves effective the provisions for super-sedeas on appeal set forth in Part V, Florida Appellate Rules, 31 F.S.A., permitting either the juvenile court or, on its refusal, the appellate court to enter an order fixing the amount, terms and conditions for a super-sedeas bond. This construction harmonizes the statutes and the rules. This makes it unnecessary for us to consider whether or not supersedeas is within the rule powers of the supreme court. In the field of practice and procedure the Florida Appellate Rules apply to appeals from a juvenile court. A.N.E., J.A.A., S.L.W. & W.C.S. v. State, Fla.App.1964, 167 So.2d 769. Relatrix’s remedy by appeal from any order entered on the petition is adequate.
Prohibition is denied.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.'