LILES, WOODIE A., Associate Judge.
Appellant, defendant below, appeals an order rendered by the Juvenile Court of Broward County adjudging him to be in indirect criminal contempt of that court.
The minor child of Wanda Belle Shaw had been found to be a dependent child within the meaning of Chapter 39, Fla. Stats., F.S.A., by the Juvenile Court of Broward County. By an order entered by that court on December 21, 1964, Mrs.. Shaw, the child’s natural mother, was-granted temporary custody. Mrs. Shaw subsequently moved to Dade County and instituted divorce proceedings against her husband in the Circuit Court for Dade County. Appellant, an attorney at law,, represented Mrs. Shaw in her divorce action. The Final Decree entered by the Circuit Court on January 15, 1965, granted Mrs. Shaw full custody and control of the minor child. The Circuit Court then transferred that portion of the Final Decree pertaining to custody to the Juvenile and Domestic Relations Court of Dade County.
Thereafter, Mrs. Shaw placed the child in the home of Mr. and Mrs. Carl Cochran who, on October 29, 1965, filed a petition in the Circuit Court for Dade County to adopt the child. Appellant represents the Coch-rans in this matter. Subsequent to the commencement of the adoption proceedings in Dade County, the Juvenile Court of Brow-ard County issued a Rule to Show Cause directed to Mrs. Shaw and set the hearing thereon for December 17, 1965. Prior to the hearing, on December 13, 1965, the Juvenile Court of Broward County issued a “Hold in Custody Order” ordering the child to be taken into custody. The child was taken from the Cochran home, returned to Broward County and placed in the temporary custody of the Child Welfare Services division of the Florida Department of Public Welfare.
• Appellant-attorney then applied for relief to the Circuit Court for Dade County *55 where the adoption proceedings were pending. That court, on December 22, 1965, entered an order giving the Cochrans temporary custody of the child and directing that the child be brought to Dade County. The child was thus returned to the Coch-:rans.
The Juvenile Court of Broward County, •on December 28, 1965, found defendant to he in indirect criminal contempt of that •court for “causing to be issued” the Circuit 'Court order of December 22, 1965. The Juvenile Court’s contempt order stated, among other things, that:
“* * * [S]aid Order of the Eleventh Judicial Circuit, in and for Dade County, Florida dated December 22, 1965 has •caused a conflict between that Honorable •Court and the Juvenile Court of Brow-ard County, Florida; FURTHER, that said Order has had the effect of considerably lessening the authority and dignity of this Court; FURTHER, that the acts and conduct of ROBERT J. LEW-ISON, ESQ. in securing said Order * * * were such that might have been reasonably calculated as being directed against the authority and dignity of this Court and having a reasonable tendency to degrade and embarrass the Judge thereof; FURTHER, that such uncalled for acts and/or wrongful conduct of ROBERT J. LEWISON, ESQ. were such as to amount to an indirect, if not actual, obstruction to and interference with the administration of justice in the cause presently pending before this Court. * * * ”
Appellant has appealed, arguing that the Juvenile Court of Broward County lost jurisdiction of the case by the entry of the Final Decree of divorce and the transfer provision to the Juvenile and Domestic Relations Court of Dade County, and thus his action could not constitute contempt of ^court
Questions as to the proper area of juvenile court jurisdiction have been the subject of numerous appellate decisions since these courts were created, and it is not likely that these questions will decrease in number. It seems clear, however, that juvenile courts in general, and the Juvenile Court of Broward County in particular, by virtue of both a local act and general law, have jurisdiction only in cases involving a child’s delinquency, dependency or other form of parental neglect. State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645; O’Connell v. O’Connell, Fla.App.1962, 138 So.2d 83. Custody and support of a child of parties in a divorce proceeding in the circuit court is adjudicated without any determination of “dependency” or “delinquency” as defined by Chapter 39, Fla.Stats., F.S.A. While the cause of action is different and the jurisdiction is different, the jurisdiction of the two courts may overlap in some instances. See, In re S.L.T., Fla.App.1965, 180 So.2d 374. We believe the jurisdiction of the Juvenile Court of Broward County was at best concurrent with the jurisdiction of the Circuit Court for Dade County which entered a Final Decree of divorce and was not “exclusive” as contended in the Juvenile- Court’s contempt order.
Furthermore, adoption proceedings are entirely separate and distinct statutory proceedings and are neither connected with nor controlled by prior custody awards entered by another court. Modacsi v. Taylor, Fla.App.1958, 104 So.2d 664. In Ponce v. Children’s Home Society of Florida, Fla.1957, 97 So.2d 194, an infant child had been adjudged dependent by a juvenile court and committed temporarily to the Children’s Home Society of Florida. Subsequently the Ponces filed a petition for adoption in the circuit court. The circuit court dismissed the adoption petition on the theory that the juvenile court had exclusive jurisdiction over the child. The Supreme Court of Florida pointed out that circuit courts have, *56 by statute, exclusive jurisdiction in all matters of adoption and held that the circuit court was in error in ruling that it did not have jurisdiction. The Court went on to state that great caution should be exercised by a circuit judge in adoption proceedings to avoid conflict between his court and the juvenile court, but that there was no doubt as to the power of a circuit court to entertain an adoption petition even where a juvenile court had assumed jurisdiction over a dependent child.
All this is to say that, while the Juvenile Court of Broward County may still have had some limited jurisdiction over the case by virtue of its initial adjudication of dependency and its initial custody award, the jurisdiction of the Circuit Court for Dade County was unaffected, and the Juvenile Court could not act so as to thwart the adoption proceedings.
 The foregoing discussion merely demonstrates that appellant was operating well within the recognized legal limits in applying for the order of December 22, 1965, and that his conduct could hardly be termed an “obstruction of justice.” An attorney will not be held in contempt merely because he presents a motion which he has a right to make. Blankenbaker v. State, 1929, 201 Ind. 142, 166 N.E. 265; 17 C.J.S. Contempt § 28. In the instant case, appellant had a perfect right to seek the available judicial remedies to protect the interests of his clients, and his action did not constitute contempt of court.
The order adjudging defendant Robert J. Lewison of being in contempt of the Juvenile Court of Broward County is therefore reversed and defendant is discharged.
Reversed.
ANDREWS, Acting C. J., and NANCE, L. CLAYTON, Associate Judge, concur.