LILES, Chief Judge.
The appellant-attorney, Terry A. Fur-nell, is appealing from a summary adjudication of contempt wherein appellant was found by a circuit judge to be in contempt of court and was sentenced to a fine of $100.00 or thirty days in jail.
Appellant represented one Laurie Hooks who was accused of breaking and entering with intent to commit larceny. Mr. Hooks had previously been convicted of a felony and had been placed on probation by the same judge who sat on the breaking and entering case. The jury found that Hooks was not guilty of the breaking and entering charge, however, the judge ordered that Hooks be held in custody in order to commence a revocation proceeding against Hooks’ probation. On May 11, 1967, an affidavit was filed charging Hooks with violating his probation. At a hearing on May 16, 1967, the judge quashed the affidavit but orally ordered Hooks held in custody without bail for probation violation.
A reading of the transcript of testimony taken at the hearing discloses that the trial judge manifested an intent to rely solely upon his own memory as a basis for revoking Hooks’ probation. On that same day, May 16, 1967, appellant filed a suggestion for disqualification pursuant to Florida Statutes § 38.02, F.S.A., alleging that the judge would be a material witness in the revocation proceeding.
On May 18, 1967, the judge entered an order denying appellant’s suggestion for disqualification. The appellant on the following day filed a praecipe for a witness subpoena- directing the judge to appear before himself at the revocation hearing which had been set for June 1, 1967. The subpoena was issued and on May 26, 1967, it was served.
At the hearing the judge quashed the subpoena, revoked Hooks’ probation on the ground that he had committed the breaking and entering, and held appellant in contempt for filing the praecipe for the witness subpoena.
The transcript of testimony shows that at the revocation proceeding no evidence whatsoever was presented and that the sole basis for revocation was the judge’s recollection of the breaking and entering trial over which he presided, and his belief that, despite the jury verdict, Hooks had been proven guilty by a preponderance of the evidence.[1]
The only way appellant could build a record for appeal was to call the judge as a witness and question him as to his memories and recollection of the trial and the evidence presented therein. Appellant realized that unless the trial judge was called the record on appeal would be silent and a reviewing appellate court would have no way to measure the trial judge’s actions. Admittedly, a revocation proceeding does not require all the trappings and safeguards of a trial,[2] but there should be some showing in the record of the factors that caused the trial judge to determine that probation should be revoked.
Canon of Ethics #15, 32 F.S.A., provides :
“ * * * The lawyer owes ‘entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability,’ to the end that nothing be taken or withheld from him, save by the rules of law, legally applied. *25 No fear of judicial disfavor or public unpopularity should restrain him from the full discharge of his duty. In the judicial forum the client is entitled to the benefit of any and every remedy and defense that is authorized by the law of the land, and he may expect his lawyer to assert every such remedy or defense. * * * ”
In Lewison v. State, Fla.App.1966, 193 So.2d 53, the appellant-attorney was representing a fharried couple in a pending adoption proceeding. The juvenile court judge of Broward County issued an order directing that the child be removed from the home of its prospective parents in Dade County and returned to Broward County and placed in the temporary custody of the child welfare agency. The appellant-attorney then obtained an order from the circuit court of Dade County giving the prospective parents temporary custody of the child and directing that the child be returned to Dade County. The juvenile court of Broward County held defendant in indirect contempt of court for causing the circuit court’s order to be issued. This court said at page 56:
“ * * * An attorney will not be held in contempt merely because he presents a motion which he has a right to make. Blankenbaker v. State, 1929, 201 Ind. 142, 166 N.E. 265; 37 C.J.S. Contempt § 28. In the instant case, appellant had a perfect right to seek the available judicial remedies to protect the interests of his clients, and his action did not constitute contempt of court.”
Certainly Mr. Furnell had the right to question the person upon whose memory the revocation proceedings were based so that his client could be presented with the evidence against him and so that a record could be built for purposes of review. Mr. Furnell could easily have believed that if he stood idly by and failed to act he would be failing to give “warm zeal in the maintenance” of his client’s rights “to the end that nothing be taken or withheld from him, save by the rules of law, legally applied,” thereby violating Canon 15.
By subpoenaing the judge to appear and testify before himself appellant did create an anomalous situation and we do not condone his action. However, it must be remembered that appellant had previously informed the judge that he would be called as a witness and had requested that the judge disqualify himself. Based upon Lewison and Canon 15 we find that it was error to hold appellant in contempt.
The order is reversed.
ALLEN and PIERCE, JJ., concur.

. There is a distinction between the evidence necessary to support a conviction and that required to revoke probation. Brill v. State, 1947, 159 Fla. 682, 32 So. 2d 607; McNeely v. State, Fla.App.1966, 186 So.2d 520.

. McNeely v. State, Fla.App.1966, 186 So.2d 520.