WIGGINTON, Judge.
Defendant father has appealed a final judgment ordering him to pay a stipulated monthly sum for the support and maintenance of the three minor children born of the marriage between him and plaintiff mother. It is appellant’s contention that a final judgment previously rendered by the Juvenile Court of Duval County permanently committing his three children to a licensed child placing agency for adoption effectively severed the filial tie together with his correlative right to their custody, control, services, and earnings, resulting in a termination of any obligation on his part to contribute to their maintenance and support. Upon this premise appellant contends that the judgment appealed herein is erroneous and should be reversed.
The facts in the case were stipulated by the parties and are not in dispute. Appellant father and appellee mother were divorced by a final decree rendered in Duval County in 1960 in which the custody of the children was granted to the mother. By a subsequent modifying order the children’s custody was transferred to the father in 1962. In January, 1965, the Juvenile Court of Duval County rendered a final judgment permanently committing the children to the Florida Methodist Children’s Home, a licensed child placing agency, for adoption. After a period of three years during which none of the children involved herein were accepted for adoption, they were placed by the Home in the custody of their mother, appellee herein, who is now a resident of California. This proceeding was instituted by the mother under the Uniform Reciprocal Enforcement of Support Act[1] seeking an order requiring appellant to contribute to the support and maintenance of the children. Based upon the foregoing facts the trial court found the question presented for his decision to be one of first impression without controlling precedent in our state, and held that until the law of the case is established by appel *457 late authority, the natural mother was entitled to receive assistance from the father for the maintenance and support of the children during such period of time as she retains their physical custody.
The Juvenile Court Act of this state provides that when a child shall be adjudicated to be a dependent or delinquent child, the juvenile court having jurisdiction shall have the power to (a) place the child under supervision of its counselor in its own home or in the home of a relative or other suitable place; (b) commit the child to a detention home or to a licensed child caring institution; (c) commit the child to an industrial school; or, (d) permanently commit the child to a licensed child placing agency for subsequent adoption. The statute further grants to the court the power to order the natural parents of such child to pay the person or institution having custody of the child reasonable sums of money at such intervals as the court may consider adequate and proper for the care, support, maintenance, training, or education of such child.[2]
From the foregoing statutory provisions it clearly appears that even though the children in the case sub judice were permanently committed to a child placing agency in accordance with the terms and provisions of the statute, the court nevertheless is empowered to require the parent to contribute to the support and maintenance of the child while in custody of the child placement agency and before adoption.
Appellant invites attention to that provision of the above-quoted section of the Juvenile Court Act which provides:
“* * * A permanent order of commitment, whether pursuant to consent or after notice served as herein prescribed, shall permanently deprive the parents and legal guardian of any right to the child * * [3]
Appellant seriously urges that since the order permanently committing the three children here involved to a child placing agency effectively deprived him of any right to the custody, control, services, and earnings of his children, then his obligation to contribute to their support ceased. He bases this contention upon the principle of law quoted in American Jurisprudence as follows :
“* * * The parental duty to support minor children is usually accompanied by the parental right to the custody, control, services, and earnings of such children, and is often spoken of as correlative or reciprocal to such right. * j}c % [4]
Appellant argues that the order permanently committing his children to a licensed child placing agency for subsequent adoption is itself tantamount to a decree of adoption which relieves him from the obligation of contributing to their maintenance and support as provided by the statutory law of this state, to wit:
“* * * After the adoption the natural parents, if living, are relieved of all legal duties and obligations due from them to the child and are divested of all rights with respect to the child, * * [5]
There can be no question but that a final judgment rendered by a juvenile court in Florida which permanently commits a child to a licensed child placing agency for subsequent adoption permanently deprives the parents of all further rights to the child. Such a provision is necessary in order that adoptive parents of the child may be free from annoyance, harassment, or interference by the natural parents in the future life of the child after adoption. Such provision does not, however, relieve the natural parents from contributing to the child’s support while it is in the custody of the child placing agency, if the par *458 ent is able to do so. The statute clearly gives the juvenile court the power to require such monetary contribution by the natural parent so long as the child placing agency is responsible for the child’s maintenance and support prior to adoption.
The Juvenile Court Act provides that after rendition of a permanent order of commitment placing the custody of a child with a licensed child placing agency for adoption, the juvenile court shall no longer exercise jurisdiction over the child.[6] Because of the foregoing statutory restriction on the power of a juvenile judge, it is questionable whether he is vested with jurisdiction to order appellant as the natural parent of the children to contribute to their support under the facts of this case. Such question, however, does not preclude the circuit court from exercising its concurrent jurisdiction in all equity matters not exclusively conferred on juvenile courts to require parental support and maintenance of minor children.[7] The inability of the juvenile court to act in this matter activates the power of the circuit court to require the payment of support by appellant for his children as authorized by the statutory law of this state.[8] As said by the Supreme Court in Ponce v. Children’s Home Society of Florida:
“* * * As a general rule where a juvenile court has assumed jurisdiction over a dependent child as in the case at bar, a circuit court judge, although he may have the power to do so, should not entertain a petition for adoption of such child until the juvenile court has made a permanent commitment of the child to a licensed placement agency pursuant to Sec. 39.11, or otherwise relinquished jurisdiction.” [9]
It is our view that for the reasons here-inabove stated the Circuit Court of Duval County has the jurisdiction and authority to render the judgment appealed herein even though the children involved stand permanently committed on the record to a licensed child placing agency for subsequent adoption. The fact that physical custody of the children had been delivered by the child placing agency to their natural mother does not affect appellant’s obligation to contribute to their support, nor does it defeat the power of the court to make and enforce such requirement. For the foregoing reasons the judgment appealed herein is affirmed.
SPECTOR, J., concurs.
JOHNSON, C. J., specially concurs.

. F.S. Ch. 88, F.S.A.

. F.S. § 39.11(1), F.S.A.

. F.S. § 39.11(5), F.S.A.

. 39 Am.Jur. 634, Parent and Child, § 35.

. F.S. § 63.151, F.S.A.

. F.S. § 39.11(5), F.S.A.;
State ex rel. Jannoni v. Yergey, (Fla.App.1966) 188 So.2d 833, 835.

. Art. V, § 6(3), Fla.Constitution, F.S.A.

. F.S. §§ 61.13, 61.14, F.S.A.

. Ponce v. Children’s Home Society of Florida, (Fla.1957) 97 So.2d 194, 197; See also Perdue v. Perdue, (Fla.App.1963) 155 So.2d 665.