WARNER, J.
The guardian ad litem of J.L., S.L. and K.L. appeals the trial court’s order denying the children’s request to order their father, whose parental rights were terminated, to continue post-termination child support. We agree with Ponton v. Tabares, 711 So.2d 125 (Fla. 3d DCA 1998), that the father’s legal obligation to provide child support ended when the court terminated his parental rights. Therefore, the court did not err in denying the request to continue child support for his children.
The father’s parental rights were terminated after he was charged with criminal failure to protect his children from continued beatings by their stepmother. These acts led to substantial psychological damage to at least one of the children. During the time the petition was pending, the father paid child support, as he was earning around $100,000 per year. However, as part of the plea agreement to the criminal charges, he agreed to the termination of his parental rights to the Department of Children and Families, who would seek adoptive placement. In addition, the father agreed to establish a trust of $6,500 for each of the three children to be paid when they reached the age of eighteen.
At the hearing on the termination, the court ordered the father’s rights to be terminated but denied the guardian’s request for continued child support. Although the court believed that it had the authority to order the father to pay child support,[1] the court found that the plea agreement already required the father to pay $6,500 per child. The court therefore denied any further award. The guardian appeals the order denying child support.
In Ponton v. Tabares, the third district faced the same question presented in this appeal, namely whether a parent whose rights have been terminated may still be ordered to pay child support for those children. The court noted that the obligation to pay child support is placed on “parents.” See, e.g., § 61.13(l)(a), Fla. Stat. (2003) (“In a proceeding for dissolution of marriage, the court may at any time order either or both parents who owe a duty of support to a child to pay support in accordance with the guidelines in s. 61.30.”); § 39.521(l)(d)7, Fla. Stat. (2003) (court’s powers of disposition where child is in out-of-home placement include power to require “child support to be paid by the parents”). A parent is defined as:
a woman who gives birth to a child and a man whose consent to the adoption of *430 the child would be required under s. 63.062(l)(b). If a child has been legally adopted, the term “parent” means the adoptive mother or father of the child. The term does not include an individual whose parental relationship to the child has been legally terminated ...
§ 39.01(49), Fla. Stat. (2003) (emphasis added). Therefore, because the father’s rights were terminated, he no longer qualifies as a parent and thus no longer has the legal obligation to pay child support.
While this result leaves the children without support from a father who could well afford to provide for his children, the Department points out that there are other considerations which may militate against a law which requires support from a parent whose rights are terminated. As it suggests in its brief, severance of all ties with the parent may be in the child’s best interest. Moreover, the legal option of permitting child support may prevent some children from receiving support from other sources, such as social security.[2]
The law as presently stated is clear and unambiguous and does not provide the legal authority to a court to order a parent whose parental rights have been terminated to pay child support. While we disagree with the court’s reasoning, we affirm the order of the trial court denying child support.
Affirmed.
GROSS and HAZOURI, JJ., concur.

. The court relied on Morris v. Stone, 236 So.2d 455, 457 (Fla. 1st DCA 1970). However, that case was decided under the repealed Juvenile Court Act, which permitted the court to order parents to pay child support even where the child was permanently committed to an institution for adoptive placement. That statute was repealed and has never been reenacted. While the court also relied on Kranz v. Kranz, 661 So.2d 876 (Fla. 3d DCA 1995), which held that the adoption of a minor child did not relieve the parent from an accrued child support obligation, that case is inapplicable to the present inquiry.

. What is disconcerting in this case is that the father agreed to make some payments to his children as a part of his plea agreement. However, these are future payments and are not available, for instance, to pay the oldest child’s psychiatric treatment. It was within the state’s authority in the criminal case to negotiate a plea where the children, as victims, received compensation for their injuries. We see no reason why a plea and probation agreement could not provide for the victims of the father’s crimes. In this case, the state negotiated an agreement which did not include such compensation.